**Michael J. PASTERNAK, Plaintiff,**

v.

**Sharon ACHORN, Defendant.**

**Civ. No. 86–0280–B.**

United States District Court,
D. Maine.

Feb. 25, 1988.

Joseph M. Jabar, Daviau, Jabar & Batten, Waterville, Me., for plaintiff.

John W. McCarthy, Rudman & Winchell, Bangor, Me., for defendant.

## MEMORANDUM ORDER GRANTING MOTION IN LIMINE

CYR, Chief Judge.

Plaintiff has filed a motion *in limine* to preclude evidence of plaintiff's nonuse of a seat belt on the issues of comparative negligence and mitigation of damages. A Maine statute renders such evidence inadmissible. *See* Me.Rev.Stat.Ann. tit. 29, section 1368–A (1964).[1]

## WHETHER THE COURT SHOULD APPLY STATE LAW

The federal courts which have considered the admissibility of evidence of nonuse of seat belts in diversity cases have followed state statutes prohibiting such evidence. In fact, the issue of whether the federal court is obligated, under the *Erie* doctrine, to follow such state laws, was never raised in those cases.

In *Ramrattan v. Burger King Corp.*, 656 F.Supp. 522 (D.Md.1987), the state statute prohibited the use of seat belt evidence on the issues of contributory negligence and mitigation of damages. The court granted the motion to preclude evidence of the nonuse of the seat belt because "seat belt use is *not relevant* to plaintiffs' contributory negligence or mitigation of damages, and defendants have offered no other explanation for its relevance." *Id.* at 527 (*emphasis added.*)

In *Cheatham v. Thurston Motor Lines*, 654 F.Supp. 216, 217 (S.D.Ohio 1986), where both Tennessee and Ohio law prohibited seat belt evidence, the court held such evidence irrelevant.

In *Wilson v. Volkswagon of America, Inc.*, 445 F.Supp. 1368 (E.D.Va.1978), a statute provided that failure to use a seat

---

1. The Maine statute, in pertinent part, reads: In any accident involving an automobile, the nonuse of seat belts by the driver of or passengers in the automobile shall not be admissible in evidence in any trial, civil or criminal, arising out of such accident.
Me.Rev.Stat.Ann. tit. 29, section 1368–A. The court finds that a truck is an "automobile" for purposes of the statute.

As of 1986, only five states had statutes excluding evidence of nonuse of seat belts. Note, *A Compromise Between Mitigation and Comparative Fault?: A Critical Assessment of the Seat Belt Controversy and a Proposal for Reform,* 14 Hofstra L.Rev. 319 (1986) (hereinafter cited as *Note* ).

belt could not be used as evidence of negligence. The court strictly construed the statute and allowed evidence of seat belt nonuse on the issue of mitigation of damages.

The *Ramrattan* and *Cheatham* courts determined that particular state statutes made seat belt evidence incompetent. If either court determined relevance under Fed.R.Evid. 401–403, neither so stated. The *Wilson* court felt constrained by the state statute, admitting the evidence to show mitigation of damages by restricting the statute to its precise terms.

According to Wright & Graham:

[W]ith the exception of privileges and burden of proof, most writers have assumed that the Evidence Rules are not substantive for Erie purposes.... While recognizing that privileges can be an expression of state substantive law, many courts have refused to apply state rules that use the exclusionary sanction to support some policy that seems equally substantive. At the same time, there are a number of cases that have applied state exclusionary rules without much attention to the reasons for such application.

22 C. Wright & K. Graham, *Federal Practice and Procedure*, Sec. 5201 at 232 (1978) (footnotes omitted).

The seat belt evidence exclusionary rule falls in the "gray area" between state evidentiary rules on "housekeeping matters," which yield in federal court to the Federal Rules of Evidence, and those evidentiary rules, such as the rules of privilege, which are so enmeshed with substantive state policy that most federal courts have chosen to follow them. 22 C. Wright & K. Graham, Sec. 5201 at 233–34.

■ Although generally the courts follow the Federal Rules of Evidence in diversity cases, *see McInnis v. A.M.F., Inc.*, 765 F.2d 240, 242–43 (1st Cir.1985); *Rioux v. Daniel Int'l. Corp.*, 582 F.Supp. 620 (D.Me. 1984), where a state exclusionary rule embodies substantive state policy it may be considered appropriate to adopt the state

rule. *Estate of Spinosa*, 621 F.2d 1154, 1159 (1st Cir.1980) (upholding exclusion of evidence of remarriage of spouse in wrongful death action on ground that it would have been excluded in state court; no mention of Federal Rules of Evidence); *Conway v. Chemical Leaman Tank Lines, Inc.*, 525 F.2d 927, *modified on reh'g*, 540 F.2d 837 (5th Cir.1976) (federal courts must still deal with *Erie* problems under the Evidence Rules). A seat belt evidence exclusionary rule was treated as substantive law in *Sours v. General Motors Corp.*, 717 F.2d 1511, 1519 (6th Cir.1983), where the court held that: "we are required to look first to the state's highest court and then to its intermediate appellate courts on matters of substantive law ... [for precedents] on the admissibility of seat belt evidence...."

## THE RELEVANCE OF SEAT BELT EVIDENCE

■ Many courts and legislatures recognize that the admissibility of evidence of seat belt nonuse may be treated differently where the issue is one of negligence as distinguished from mitigation of damages.

A slight majority of courts favors the rationale that:

nonuse of an available seatbelt by a plaintiff automobile occupant does not generally constitute such negligence as will permit an apportionment of damages between the parties, at least where such failure cannot be said to have contributed to the *occurrence of the accident* but merely to the severity of the automobile occupant's injuries.

Annotation, *Nonuse of Automobile Seatbelts As Evidence of Comparative Negligence*, 95 A.L.R.3d 239, 241 (1979) (*emphasis added*).[2] A considerably larger majority has found evidence of nonuse of seat belts inadmissible to show contributory negligence. These courts reason that neither the common law nor a state statute gives rise to a duty to use seat belts, and the courts often comment further that the "nonuse of a seat belt is not contributory negligence, because such conduct does not

**2.** The doctrine of comparative negligence applies in Maine. *See* Me.Rev.Stat.Ann. tit. 14, section 156.

generally contribute to the occurrence of the accident." Annotation, *Automobile Occupant's Failure to Use Seat Belt as Contributory Negligence*, 92 A.L.R.3d 9, 12 (1979).[3]

The admission of such evidence on the issue of mitigation of damages has

"provided a type of compromise solution between the harshness of totally barring the injured occupant recovery and, on the other hand, enabling the occupant to disregard a proven safety device which may significantly reduce the likelihood of ejection and prevent 'the second collision' of the occupant with the interior portion of the vehicle." Annotation, *Nonuse of Seat Belt as Failure to Mitigate Damages*, 80 A.L.R.3d 1033, 1038 (1977) (footnote omitted).

It appears that admission of evidence of nonuse of seat belts remains a minority position even on the issue of mitigation of damages. Courts reason "that a 'preaccident' failure to use an available seat belt does not contribute to the occurrence of the accident itself, but merely furnishes a condition making injury possible." Note, 14 Hofstra L.Rev. 319 (1986). Numerous reasons are offered in support of the exclusion of such evidence.

(1) there was no statutory requirement that seat belts be used; (2) to admit such evidence of nonuse would permit the jury to compare the damages, which, in practical effect, would reach almost the same result as comparative negligence, a doctrine rejected by many states; (3) to require one who was lawfully using the highways to use an available seat belt would result in his having to anticipate the negligence of another driver; (4) to permit the jury to compare the damages attributable to the negligence of a defendant with the damages attributable to a failure to use available seat belts would allow jury speculation; (5) to adopt such a view would conflict with traditional tort doctrines such as contributory negligence and avoidable consequences; and

(6) legislative action is the proper vehicle for adopting a seat belt defense based on mitigation of damages.

80 A.L.R.3d at 1039 (1977) (footnotes omitted).

The defendant points to a trend toward the admission of evidence of seat belt nonuse. The court recognizes that a developing trend toward mandatory seat belt laws may suggest that certain courts and legislatures may be moving away from their "traditional hesitancy ... to impose a duty to wear seat belts, the breach of which constitutes negligence or a failure to mitigate," Note, 14 Hofstra L.Rev. 319 (1986). But Maine neither mandates the use of seat belts nor has it repealed its statute expressly precluding evidence of seat belt nonuse. A federal court should be reluctant to disregard a state statute so closely related to a substantive state legislative policy.

Accordingly, the motion *in limine* is *GRANTED* and any evidence of plaintiff's nonuse of a seat belt is excluded.

SO ORDERED.

**3.** Another reason offered for excluding such evidence on the issue of contributory negligence is "the harshness in imposing upon the plaintiff occupant the burden of bearing all of the cost of his injuries where use of a seat belt might have prevented none or only a portion of them." Annotation, *Nonuse of Seat Belt as Failure to Mitigate Damages*, 80 A.L.R.3d 1033, 1038 (1977) (footnote omitted).