Rose **CAROTA**, Plaintiff, Appellant,

v.

**JOHNS MANVILLE CORP.**, et al., Defendants, Appellees.

No. 89–1286.

United States Court of Appeals, First Circuit.

Heard Sept. 12, 1989.

Decided Jan. 11, 1990.

Neil T. Leifer, with whom Thornton & Early, Boston, Mass., was on brief, for plaintiff, appellant.

Leonard F. Zandrow, Jr., with whom Richard L. Neumeier, Thomas P. O'Reilly, Janet L. Maloof, and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for defendants, appellees.

Before BOWNES, TORRUELLA and MAYER,* Circuit Judges.

TORRUELLA, Circuit Judge.

Plaintiff-appellant appeals from a jury verdict in a wrongful death case. She argues that the United States District Court for the District of Massachusetts improperly admitted evidence of out of court settlements in violation of Federal Rule of Evidence 408 causing substantive prejudice and therefore requests a new trial.

Elio Carota and his wife, Rosa, commenced this action in 1982. In 1986, Elio Carota died, allegedly of asbestosis, and Mrs. Carota amended the complaint to reflect her husband's death. The trial began in November, 1988. By that time, Mrs. Carota had already settled with the original

* Of the Federal Circuit, sitting by designation.

defendants, leaving appellee, The Celotex Corp. (Celotex), as the only remaining defendant.

At the beginning of the trial, Celotex moved to introduce into evidence the amount of Mrs. Carota's settlements with the other defendants. Celotex argued that under Massachusetts law a defendant is entitled to show evidence of out of court settlements in joint tortfeasor cases. *Tritsch v. Boston Edison Company*, 363 Mass. 179, 182, 293 N.E.2d 264, 267 (1973).

Mrs. Carota opposed this motion, arguing that Fed.R.Evid. 408 precludes admitting evidence of settlements with third parties. Federal Rule of Evidence 408 provides in pertinent part:

> Evidence of (1) furnishing or offering or promising to furnish or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

She argued that settlements are "irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position ... [and because its admission would undermine] the public policy favoring the compromise and settlement of disputes." Rule 408: *Advisory Committee Notes on Proposed Rules.*

The district court granted Celotex's motion, and Celotex concluded its case by publishing to the jury the stipulated fact that Mrs. Carota had received $98,471 in settlement with other defendants. This settlement amount appeared on the general verdict form following the space where the jury was to enter an award of compensatory damages. After the jury returned a verdict for Celotex, Mrs. Carota brought this appeal.

The issue on appeal is whether the district court erred in admitting the evidence of third party settlements, and, if errone-

ously admitted, whether the presence of this evidence warrants a new trial.

## DISCUSSION

In *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Supreme Court held that a federal court sitting in a diversity case must apply state substantive law and federal procedural law. While "no one doubts federal power over procedure," *Id.* at 92, 58 S.Ct. at 828 (Reed, J., concurring) "federal courts and Congress are constitutionally precluded from displacing state substantive law with federal substantive rules in diversity actions." *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 244 (1st Cir.1985). *See also Ricciardi v. Children's Hospital Medical Center*, 811 F.2d 18, 21 (1st Cir.1987). This substantive/procedural dichotomy has long served as a guiding light for federal courts deciding issues of federalism.

"[L]aws which fix duties, establish rights and responsibilities among and for persons ... are 'substantive laws' in character while those which merely prescribe the manner in which such rights and responsibilities may be exercised and enforced in a court are 'procedural laws'." *Black's Law Dictionary* 1083 (5th ed. 1979). Generally, rules of evidence are procedural, since they describe the admissibility, relevancy, weight and sufficiency of information utilized at trial to define substantive rights. *See generally* 21 C. Wright & K. Graham, *Federal Practice and Procedure*, §§ 5001 *et seq.* (1980). The law of damages, however, is substantive since it prescribes what, if any, money a plaintiff will receive as compensation for injury. "Damages are an element of plaintiff's case...." *Goldstein v. Kelleher*, 728 F.2d 32, 38 (1st Cir. 1984). *Heddinger v. Ashford Memorial Community Hosp.*, 734 F.2d 81 (1st Cir. 1984). *See also, e.g., Cordeco Development Corp. v. Santiago Vásquez*, 539 F.2d 256, 262 (1st Cir.1976). *Colonial at Lynnfield Inc. v. Sloan*, 870 F.2d 761 (1st Cir. 1989).

Certain matters do not fall neatly into the substantive/procedural dichotomy, but rather fall within a twilight zone between both classifications. The present case presents such a matter. Out of court settlement evidence is "rationally capable of classification as either" substantive or procedural. *Hanna v. Plumer*, 380 U.S. 460, 472, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965). Thus, the traditional *Erie* analysis cannot resolve the dispute. But, the *Erie* doctrine has evolved beyond its traditional confines, to the point where this Court held in *Ricciardi v. Children's Hospital Medical Center*, 811 F.2d at 21, that the state rule need not always displace the federal rule, unless application of the federal rule "impinges on some substantive state policy embodied in the state rule." *Id.* Therefore, the fact that both parties concede the issue is substantive, does not end our inquiry.

Appellant argues that the state policy at stake is prevention of double recovery, and that this Court can accommodate this policy while still applying Rule 408. In *Tritsch v. Boston Edison Company*, 363 Mass. 179, 182, 293 N.E.2d 264, 267 (1973), a joint tortfeasor case, the Massachusetts Supreme Judicial Court (SJC), concerned about a plaintiff receiving "remuneration in excess of his actual damages" held that "[i]n mitigation of damages, a defendant is entitled to show in evidence the amount of money paid or promised to the plaintiff by a joint tortfeasor on account of the same injury." In the same case on appeal, asking for a reduction in the verdict, the SJC stated:

> "[s]everal of our cases indicate that settlement with a joint tortfeasor not a party to the action may be disclosed to the jury in order that they may adjust their verdict.... These cases suggest that the jury should subtract the amount received in settlement from the total damages in arriving at their verdict."

*Boston Edison Company v. Tritsch*, 370 Mass. 260, 266, 346 N.E.2d 901, 905 (1976).

The appellant contends that Massachusetts law, relying on the cases cited above, points to a substantive policy of prevention of double recovery. To implement this policy, appellant argues Massachusetts instituted a procedural mechanism of allowing

out of court settlements into evidence and requiring the jury itself to deduct these amounts from their verdict. Under this interpretation, application of the Rule 408 procedure does not impinge on the state substantive policy of prevention of double recovery. By withholding out of court settlement information from the jury, and then deducting from the verdict the amount of any such settlement, the state policy, appellant contends, can be reconciled with the federal rule. *See McHann v. Firestone & Rubber Co.*, 713 F.2d 161, 166 n. 10. (5th Cir.1983).

Appellee argues that Massachusetts law is clearly substantive because it directly affects the award of damages and opines that application of the federal law would indeed violate substantive state policies. *See Tritsch v. Boston Edison Co.*, 363 Mass. 179, 182, 293 N.E.2d 264, 267 (1973); *Boston Edison Company v. Tritsch*, 370 Mass. 260, 266, 346 N.E.2d 901, 905 (1976). Appellee contends that in Massachusetts, the jury is entitled to hear out of court settlement evidence and is expected to adjust their verdict accordingly.

"Fact finding is the essence of the jury function," *Estate of Spinosa*, 621 F.2d 1154, 1160 (1st Cir.1980), and the jury must make the determination of damages. *See McDonald v. Federal Laboratories, Inc.*, 724 F.2d 243, 247 (1st Cir.1984). Procedural issues are the province of the court. Consequently, the decision to grant juries the opportunity to hear settlement evidence reflects a view of that evidence as substantive, because the juries' hearing of this evidence affects the substantive rights of plaintiffs to damages. Otherwise, it would have been excluded as procedural. Allowing a deduction of out of court settlements from a verdict, while not informing the jury of the amounts of those settlements, deprives the jury of their state law entitlement to hear the evidence, thwarts the rationales behind Massachusetts Supreme Judicial Court decisions, and usurps from that court the power to formulate its own policies and to give force to its own law.

As previously stated, the issue of out of court settlements as evidence falls within the twilight zone between substance and procedure. But when a state permits the admission of out of court settlement evidence with the intent that such admission affect the damage award, then we must deem the issue substantive. If a state has a substantive policy to have a jury hear out of court settlement evidence when determining damage awards, we will not contravene that state law in a diversity action. The court below recognized that Massachusetts law required the jury to "[t]ake them [out of court settlements] into consideration when an award is made." We agree.

*Affirmed.*