**Karen L.A. WARDWELL, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant and Third–Party Plaintiff,**

v.

**Anthony ARTHUR, Third–Party Defendant.**

**Civ. No. 90–0085–B.**

United States District Court, D. Maine.

March 7, 1991.

Bernard J. Kubetz, Eaton, Peabody, Bradford & Veague, Bangor, Me., for Karen Wardwell.

Brett D. Baber, Rudman & Winchell, Bangor, Me., limited to defense of counterclaim by USA against Karen Wardwell.

Nancy Torresen, Asst. U.S. Atty., U.S. Attorney's Office, Bangor, Me., for U.S.

Stephen C. Whiting, Martica S. Douglas, Hewes, Douglas, Whiting & Quinn, Portland, Me., for third party defendant Anthony Arthur.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE IN RESPECT TO NONUSE OF SEAT BELTS

GENE CARTER, Chief Judge.

This is an action to recover damages on behalf of the operator of a motor vehicle and minor passengers of that vehicle as the result of a collision which occurred on July 13, 1988, on Route 1 in Orland, Maine. The action is brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* because one of the vehicles involved in the subject collision was operated by a federal employee in the course and within the scope of his federal employment.[1]

The matter is now before the Court on Plaintiffs' Motion *in Limine* to exclude evidence in respect to the effect of nonuse of seat belts by the minor passengers in Plaintiffs' vehicle as that is set forth in the deposition testimony of Lawrence M. Leonard, M.D. The Court understands that Dr. Leonard's testimony will be offered at trial, in lieu of his live testimony, in the form of a videotape deposition. The Court further understands that the only portion of the deposition testimony that is disputed on the present motion consists of the questions and answers commencing at line 23 on page 36 and ending at line 35 on page 50. The Court has carefully reviewed this testimony.

Defendant proposes to offer this testimony as evidence of negligent conduct on the part of Plaintiff Karen L.A. Wardwell as the operator of the vehicle at the time of the collision. Defendant has asserted a counterclaim for contribution against Plaintiff Karen Wardwell in the event Defendant is found to be liable to the minor Plaintiffs for damages. Defendant asserts that the testimony of Dr. Leonard in respect to nonuse of seat belts is relevant because, under Maine statute, 29 M.R.S.A. § 1368–C(5), Plaintiff Karen Wardwell, as the operator of the vehicle, had an obligation to see that the minor passengers were secured through the use of seat belts. It is contended by Defendant that to the extent she breached this duty as the operator of the vehicle, she is guilty of negligence that may be found to be a contributing proximate cause of some of the children's injuries.

Maine's original statutory provision in regard to safety seat belts did not create a duty on the part of either drivers of or passengers in motor vehicles to *use* safety seat belts. It simply made it unlawful to buy, sell, lease, trade, or transfer from or to a Maine resident at retail any automobile after the 1966 model year which was not equipped with safety seat belts for use in the front seat of the vehicle. The statute then provides "in any accident involving an automobile, the nonuse of seat belts by the driver of or passengers in the automobile shall not be admissible in evidence in any

---

1. Plaintiffs' claims against the operator of a third vehicle, Anthony Arthur, have been released as a result of settlement. He remains in the case on Defendant's Third–Party Complaint for contribution.

trial, civil or criminal, arising out of such accident." 29 M.R.S.A. § 1368–A.[2] Thereafter, the statute was amended by the addition of section 1368–B, which required children under the age of four years, when transported in a motor vehicle, to be "properly secured" in "a child safety seat that meets the standards described in Federal Motor Vehicle Safety Standards, 49 Code of Federal Regulations, Part 571...." 29 M.R.S.A. § 1368–B.

Also added to the statute in 1987, and subsequently amended in 1989, was section 1368–C, the statute that is applicable to this case, which provides that *the operator* of a motor vehicle in which is transported a child four years of age or older but less than sixteen years of age *"shall have* the child properly secured in a seat belt or in a child safety seat that meets the requirements set out in 49 Code of Federal Regulations, Part 571...." 29 M.R.S.A. § 1368–C (emphasis added). The final subsection of this statute provides:

> 5. *Failure to secure child; use as evidence.*
>
> Failure to secure a child, in accordance with this section, may not be considered negligence imputable to the child, nor may that failure be admissible as evidence *in any civil* or criminal *action.*

29 M.R.S.A. § 1368–C(5) (emphasis added). Plaintiffs contend that the statutory provision precludes the use of evidence of nonuse of seat belts in the manner proposed by Defendant herein.

The provisions of Federal Rules of Civil Procedure 401–403 would permit the admission of such evidence to the extent that it is relevant and that, in the exercise of discretion by the Court, any such relevant use and probative force of the evidence is not outweighed by "the danger of unfair prejudice, confusion of the issues, or [risk of] misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Civ.P. 403. There is no provision in the Rules that would operate to specifically exclude evidence of nonuse of seat belts in this case. Plaintiffs' counsel contends on the pending Motion *in Limine* that the force of the Maine statutory language in both sections 1368–A and 1368–B(5) precludes the use of the evidence in the manner in which Defendant proposes.

The Court is satisfied that Plaintiffs' position in that respect is without merit. This Court has previously visited the question of the effect to be given to the Federal Rules of Evidence where they come in conflict with provisions of state procedural or substantive law. *Rioux v. Daniel International Corp.,* 582 F.Supp. 620, 622–25 (D.Me.1984). On the rationale expressed there, the Court is satisfied that the provisions of the Federal Rules of Evidence govern the introduction of the evidence in this case at least to the extent that the evidence is proposed for use *only* insofar as it is relevant to the determination of the causative negligence, if any, of the operator of the vehicle, Karen Wardwell, on Defendant's counterclaim against her for contribution.[3] To the extent that the statutory

---

**2.** It is this section of the statute which was applicable in the case of *Pasternak v. Achorn,* 680 F.Supp. 447 (D.Me.1988) (Cyr, C.J.). The case, and the rationale for excluding there evidence of nonuse of seat belts is distinguishable from the present case because the statute, as it applied there, created no duty on the part of any party to *use* seat belts. Therefore, it could not be argued that nonuse of seat belts constituted negligence on the part of any party or a breach of a statutory duty. Hence, such evidence was arguably, at least, of diminished relevance on any issue in this case.

Also, that case was a diversity jurisdiction case in which the right of jury trial was available. The potential for admission of the evidence to cause unfair prejudice and to confuse

the factfinder was much greater, under Fed.R.Civ.P. 403, than is the case here where only a bench trial is available.

**3.** The Court is at least concerned that the provision of section 1368–C(5) which states that "Failure to secure a child, in accordance with this section, may not be considered negligence imputable to the child," *id.,* may create a substantive right under state law to be free from any adjudication of negligence on the basis of a motor vehicle operator's failure to secure the child in a seat belt in accordance with the statute. Since the evidence is not here offered for use against the child in this respect, this is an issue which the Court need not here decide. The Court will not, on the basis of the proffer, consider the evidence on proximate cause issues

provisions in question seek to prohibit *the use of evidence of nonuse of seat belts in any civil action*, they are not substantive in their impact, being, rather, only a remedial statutory action to limit the consequences of nonobservance of the obligation of the operator of the vehicle created by the substantive law of Maine. As such, they do not take precedence over the Rules of Evidence as enacted by the Congress for governance of civil trials in this Court. *Rioux*, 582 F.Supp. at 624–25.

Accordingly, Plaintiffs' Motion *in Limine* is hereby *DENIED* on an *in limine* basis to the extent that it seeks to preclude the admission in evidence of the testimony of Dr. Leonard as reflected by the deposition transcript in respect to his opinions as to the likely effect of the nonuse of seat belts on the minor passengers for purposes of determining the liability of the operator, Karen Wardwell, for contribution in respect to recoveries effected by the minor passengers for their injuries against Defendant.

There are, however, problems with respect to certain portions of the testimony given by Dr. Leonard in the deposition, on other grounds. Normally the Court would leave these matters to be resolved at the time the testimony is offered at trial. However, here the Court understands that the testimony of Dr. Leonard will be offered by videotape deposition and that there is a need on the part of counsel to be able to edit the tape before trial. Accordingly, the Court hereby *EXCLUDES* the following portions of the proposed testimony on other grounds as indicated hereinbelow:

(1) The objection of Plaintiffs' counsel on page 37, lines 12–24;

(2) Page 38, lines 13 and 17;

(3) Page 39, line 23, through page 40, line 1, is hereby *EXCLUDED* as beyond the scope of the question and unresponsive to the question;

(4) Page 30, line 25, through page 41, line 5;

as to the specific injuries of the minor passengers, resolution of which would redound against

(5) Page 42, line 20, through page 43, line 4;

(6) Page 43, line 21, through page 44, line 3;

(7) Page 44, lines 12–14;

(8) Page 44, line 22;

(9) Page 45, lines 10–19;

(10) Page 45, line 25, through page 46, line 16;

(11) Page 47, line 14;

(12) Page 48, lines 1, 9, and 16; and

(13) Page 49, line 19, through page 50, line 25, is hereby *EXCLUDED* on the basis that there is no adequate foundation for the answer of the witness, that the content of the answer is entirely anecdotal and irrelevant to the case at hand, and that the recitation of this information will not assist in any way the factfinder in understanding the evidence in the case.

The Court notes that in each instance above where evidence has been excluded without specific explication, the exclusion is based upon the Court's conclusion that the excluded material is irrelevant to any issue in the case.

So *ORDERED*.

the successful pursuit of *their* claims.