Walter **HODGE,** per se, and as president of Vickers N.V. Corporation, **Plaintiffs**

v.

## AMERICAN HOME ASSURANCE CO., Underwriters Adjustment Co., Defendants.

### No. Civ. 89–1294 (RLA) (JA).

United States District Court, D. Puerto Rico.

May 10, 1993.

---

Carlos R. Noriega, Hato Rey, Puerto Rico, for plaintiffs.

Darío Rivera Carrasquillo, Herman Lugo del Toro, Cordero, Miranda & Pinto, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

On May 7, 1993, six petit jurors listened attentively to plaintiff's opening statement which related the alpha and omega of the Marie Isabella Villas in St. Maarten, Netherlands Antilles. The presentation included tremors, earthquakes, cracked walls, an insurance company's failure to make amends for the damages allegedly caused by the tremors and earthquakes, and an offer of settlement of $18,000. Upon the defendants' contemporaneous objection, I warned counsel at a sidebar not to mention evidence of compromise or offer of settlement and instructed the jury, consistent with my general preliminary instructions, that they were not to consider this statement in their consideration of the case. The opening statement continued uneventfully until plaintiff made reference to the defendants' refusal to settle the action. The defendants raised a contemporaneous objection, and asked that a mistrial be declared. I excused the jury and heard argument of counsel. At the conclusion of the argument, I declared a mistrial, recalled my jurors and discharged them.

Rule 408 of the Federal Rules of Evidence reads thus:

## Rule 408. Compromise and Offers to Compromise

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

I asked plaintiff during argument on the mistrial motion if he was presenting evidence which would invoke the application of the exceptions contained in the last sentences of this exclusionary rule. *See* 23 Charles A. Wright & Kenneth W. Graham, *Federal Practice & Procedure* § 5315 (1980); *cf. Vincent v. Louis Marx & Co.*, 874 F.2d 36, 42 (1st Cir.1989). As a product of hindsight, plaintiff raised the issue of bias or prejudice. This is the first time such an issue was presented in the four years this case has waited for trial. I rejected the argument.

The reference to inadmissible evidence on two occasions, the objections correctly made, and the belief that the jury, now presented with a scenario which stresses a verdict for plaintiff relying upon such inadmissible evidence, have led me to the unpleasant decision to declare a mistrial.

Rule 103(c) of the Federal Rules of Evidence is clear:

### (c) Hearing of jury

In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such

as making statements or offers of proof or asking questions in the hearing of the jury.

 In Puerto Rico, evidence regarding offers of settlement and negotiations of such a nature is inadmissible in civil actions. *Caraballo Ramirez v. Acosta,* 104 D.P.R. 474, 485 (1975); *Rodriguez v. Great Am. Indem. Co.,* 63 P.R.R. 582, 586–87 (1974); *Diaz v. Arroyo,* 50 P.R.R. 306, 308–11 (1936); *see Banco Gubernamental de Fomento v. Oficinas Profesionales Inc.,* 114 D.P.R. 384, 389–90 (1983) (Irizarry Yunque, J., dissenting); *cf. Carota v. Johns Manville Corp.,* 893 F.2d 448, 450–51 (1st Cir.1990).

There is no excuse for the two errors and no reason, unless counsel had a veiled strategy to strengthen the case because of a pretrial ruling eliminating his key expert witness. To avoid the tainted argument, defendants might have moved in limine, (*see, e.g., Almonte v. National Union Fire Ins. Co.,* 705 F.2d 566, 568 (1st Cir.1983)), but I cannot punish the lack of prospective intuition where there was no inkling that settlement would have been a theme of opening statement. In the context of the opening argument, plaintiff was imposing upon the jury the belief that the defendants were required to find plaintiff's claim valid and refused to honor the claim, notwithstanding that validity. *Cf. McInnis v. A.M.F., Inc.,* 765 F.2d 240, 250–51 (1st Cir.1985). The entire purpose behind Rule 408 is the promotion of "nonlitigious solutions to disputes." *Catullo v. Metzner,* 834 F.2d 1075, 1076–77 (1st Cir.1987) (quoting *Reichenbach v. Smith,* 528 F.2d 1072, 1074 (5th Cir.1976)). That purpose is lost when a jury learns of settlement attempts. In this case, the jury had no reason to receive evidence of such an attempt at nonlitigious solution.

On May 6, 1993, the defendants moved me to impose a non-resident bond. Having denied that motion, I leave the order of denial without effect and now grant the same. Plaintiff is required to secure the costs, expenses and attorneys' fees which may be awarded by filing a non-resident bond in the amount of $3,000. *See* Local Rule 304.

The Judicial Conference of the United States has notified the court that funds to pay civil jurors will run out on May 12, 1993. Until a $7.5 million supplemental appropriation request is approved by Congress, I will not be able to schedule a new trial.