Rosemarie SHELTRA, et al.

v.

Victoria ROCHEFORT.

Supreme Judicial Court of Maine.

Argued Oct. 31, 1995.

Decided Dec. 5, 1995.

Jens–Peter W. Bergen, Kennebunk, for Plaintiffs.

Catherine R. Connors, Pierce Atwood Scribner Allen Smith & Lancaster, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Victoria Rochefort appeals from the judgment as a matter of law entered against her in the Superior Court (York County, *Bradford, J.*) setting aside a jury verdict in her favor in an action brought against her by Rosemarie Sheltra and Carl Sheltra. The Sheltras cross-appeal, arguing the trial court erred in giving a cautionary instruction instead of declaring a mistrial after Rochefort in violation of 29 M.R.S.A. § 1368–A (1978) [1] referred to Mrs. Sheltra's failure to wear a seat belt. The Sheltras also argue that the trial court erred in refusing to allow them to

---

1. At the time of the trial, 29 M.R.S.A. § 1368–A (1978) provided in pertinent part:

   In any accident involving an automobile, the nonuse of seat belts by the driver of or passengers in the automobile shall not be admissible in evidence in any trial, civil or criminal, arising out of such accident.

   Title 29 M.R.S.A. § 1368–A (1978) was repealed January 1, 1995, without special retroactive effect, pursuant to Laws 1993, c. 683, § A–1.

inquire of Rochefort at trial whether she thought her vehicle was "a safe following distance behind Mrs. Sheltra" at the time of the accident. We conclude that although the trial court misconstrued the Sheltras' burden of proof and erroneously set aside the jury's verdict, it did not err in giving a cautionary instruction instead of declaring a mistrial and it did not err in limiting the Sheltras' cross-examination of Rochefort. We therefore vacate the judgment and remand to the Superior Court with instructions to reinstate the verdict in favor of Rochefort.

In this negligence action, the Sheltras sought compensation for Rosemarie Sheltra's personal injury and Carl Sheltra's loss of consortium. At the conclusion of the trial, the jury was asked, "Was the defendant negligent, and was the defendant's negligence a proximate cause of the accident?" The jury answered no to this compound question on the special verdict form. The Sheltras moved for a judgment as a matter of law. The trial court granted the Sheltras' motion and ordered the case to trial on the issue of damages. After a trial on the issue of damages the jury awarded $3,000 to Rosemarie Sheltra and nothing to Carl Sheltra on his claim for loss of consortium. Rochefort then brought this appeal, and the Sheltras cross-appealed.

## I.

■ We consider first Rochefort's contention that the trial court erred in setting aside the jury verdict in her favor. The Sheltras argue that based upon the evidence before it, the jury rationally could not have found Rochefort free of negligence. The Sheltras argue that Rochefort is negligent as a matter of law pursuant to the doctrine of *res ipsa loquitur*. In the alternative, they argue the jury verdict is unsupported by the evidence and Rochefort is negligent as a matter of law because the accident was "unexplained." To establish negligence as a matter of law pursuant to the doctrine of *res ipsa loquitur*, an unexplained accident must have occurred, the instrument that caused the injury must have been under the management or control of the defendant, and in the ordinary course of events the accident

would not have happened absent negligence on the part of the defendant. *Wellington Assoc., Inc. v. Capital Fire Protection Co.*, 594 A.2d 1089, 1092 (Me.1991). Although the accident in which Mrs. Sheltra is alleged to have been injured may be unexplained, the instrumentality causing her injury was not under the sole control of Rochefort. The injury to Rosemarie Sheltra occurred as a result of the impact of two cars bumping together. Rochefort was not in control of both cars, and more importantly, the collision may have occurred without negligence on the part of either of the parties. The doctrine of *res ipsa loquitur* does not apply.

■ Because *res ipsa loquitur* does not apply, the burden is on the Sheltras to establish the negligence of Rochefort. When reviewing the entry of a judgment as a matter of law, we consider the evidence presented, including every justifiable inference that may be drawn from it, in the light most favorable to the party against whom the judgment was entered. *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1213 (Me.1990). The trial court stated:

> The striking of the rear of the plaintiff's automobile by the defendant is unexplained. There was no evidence of any action by the plaintiff which contributed in any way to the collision. The failure of the defendant to avoid colliding with the plaintiff's automobile was negligence as a matter of law.

This analysis inappropriately shifted the burden of proof to Rochefort. The burden of proof in a negligence action is on the plaintiff. The plaintiff must establish that the defendant had a duty to conform to a standard of care and that the breach of that duty proximately caused an injury to the plaintiff. *See Rowe v. Bennett*, 514 A.2d 802, 804 (Me. 1986). Based on the evidence before it, the jury was free to conclude that the Sheltras had not sustained their burden to prove Rochefort responsible for the injuries Mrs. Sheltra sustained in the accident. The judgment as a matter of law entered by the court in favor of the Sheltras must be vacated and the jury verdict reinstated.

## II.

The question now becomes whether the reinstated verdict must be set aside based on the Sheltras' assertions of error. Victoria Rochefort's reference to Rosemarie Sheltra's failure to use a seat belt was improper pursuant to the statute extant at the time of trial. The Sheltras sought a mistrial. We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *Joy v. Marston*, 581 A.2d 418, 419 (Me.1990) (citing *Olsen v. French*, 456 A.2d 869, 876 (Me. 1983)). A trial court's discretion to grant a motion for a mistrial is limited to those rare cases where "no remedy short of a new trial will satisfy the interests of justice." *State v. Mason*, 528 A.2d 1259, 1260 (Me.1987).

Here the court instructed the jury to ignore Rochefort's improper reference to seat belts. Absent a showing to the contrary, we assume the jury follows the court's instruction. *State v. Wood*, 662 A.2d 908, 912 (Me.1995). A curative jury instruction being proper, Rochefort's mistake was remediable by such instruction. The trial court did not err in denying the Sheltras' motion for a mistrial and curing Rochefort's error instead with an immediate instruction to the jury to ignore the violative reference.

The Sheltras argue in addition, however, that the judgment for Rochefort must be vacated because the trial court erred in limiting examination of her as to her following distance. The opinions and inferences of lay witnesses in testimony are limited to opinions and inferences rationally based on the witness's perception and helpful to a clear understanding of testimony or to the determination of a fact in issue. M.R.Evid. 701. Testimony in the form of an opinion or inference is not objectionable merely because it involves an ultimate issue to be decided by the jury. M.R.Evid. 704. However, it is well established that a witness may not be permitted to express an opinion that in effect would be dispositive of the issues of law in the case. *See* Field & Murray, *Maine Evidence* § 704.1 (3d ed. 1994). When a witness is permitted to give an opinion effectively dispositive of an issue assigned to the jury, that opinion does not help the jury but displaces it. We review *de novo* as a matter of law whether a witness's opinion or inference will help the jury pursuant to M.R.Evid. 701.

Here the Sheltras' counsel, by asking Rochefort if she thought she was traveling at a safe following distance, asked Rochefort in effect if she had complied with 29 M.R.S.A. § 1032 (1978).[2] It was not necessary to the jury's understanding to require of Rochefort this "shorthand" conclusion. Rochefort's conclusion as to the safety of her following distance could not help the jury understand her testimony or determine the fact of negligence. Rochefort's testimony, rather, would do the jury's work for it. The court did not err in refusing to allow Rochefort to answer when she was asked if she thought she followed Rosemarie Sheltra at a "safe" distance. No error exists by which we may disturb the reinstated jury verdict.

The entry is:

Judgment vacated. Remanded with instructions to enter a judgment in favor of Victoria Rochefort.

All concurring.

---

**2.** Title 29 M.R.S.A. § 1032 (1978) was repealed effective January 1, 1995, without special retroactive effect, pursuant to Laws 1993, c. 683, § A–1. Title 29 M.R.S.A. § 1032 (Pamph.1994). The statute provided in pertinent part:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.