Virginia V. MORTON, Plaintiff,

v.

Timothy E. BROCKMAN,
et al., Defendants.

No. Civ. 97–CV–135–B.

United States District Court,
D. Maine.

Feb. 2, 1999.

Anthony K. Ferguson, Fales & Fales, Lewiston, ME, for plaintiff.

George W. Beals, Thomas J. Quinn, Beals & Counsel, Portland, ME, for defendants Brockman.

Philip M. Coffin III, Lambert, Coffin, Rudman & Hochman, Portland, ME, for defendants ESPN, ESPN Holding, Event Specialist, Tig Insurance and K & K Insurance.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff Virginia V. Morton ("Plaintiff"), personal representative of the estate of Lewis H. Carl ("Carl"), brings this negligence-based diversity action against Defendants Timothy Brockman, Event Specialists, Inc., ESPN Holding Company, Inc., and ESPN, Inc. ("Defendants"). Plaintiffs claim arises out of a June 27, 1995 collision between a car driven by Carl and a car driven by Timothy Brockman. Carl's wife, Ellen M. Carl, died as a result of the collision, and Carl himself suffered various injuries. Carl died on April 17, 1998. Plaintiff asserts that Timothy Brockman was acting as the agent of the

other three Defendants at the time of the collision.

Before the Court are Cross–Motions in Limine regarding the admissibility of evidence of Carl's nonuse of a seat belt and Plaintiff's Motions to Strike Defendants' Experts who would be called to testify as to the effects of Carl's nonuse of a seat belt.[1] For the reasons stated below, Plaintiff's Motion Regarding Evidence of Nonuse of Seat Belts is GRANTED, ESPN Holding Company, Inc., ESPN, Inc., and Timothy Brockman's Motion to Introduce Evidence of Nonuse of Seat Belt is DENIED, and Plaintiff's Motions to Strike Defendants' Experts is GRANTED to the extent the proposed testimony is premised on Carl's failure to wear a seat belt.

### I. BACKGROUND

Defendants propose to introduce at trial evidence that Carl was not wearing a seat belt at the time of the collision. They argue that the Federal Rules of Evidence ("FRE") govern this issue and that this evidence is admissible under FRE 401–02 because it is relevant to show that Carl was negligent and to show that Carl failed to mitigate his damages under the doctrine of "avoidable consequences." According to exhibits submitted with Plaintiff's Motions to Strike Defendants' Experts, the proposed witnesses would testify that some of Carl's injuries would have been avoided had he been wearing a seat belt.

Plaintiff, in contrast, argues that Maine law governs this question and dictates that this evidence is inadmissible at trial for any purpose. Plaintiff points to Maine's statute regulating seat belt use, which provides in part:

> In an accident involving a motor vehicle, the nonuse of seat belts by the operator or passengers or the failure to secure a child is not admissible in evidence in a civil or criminal trial, except in a trial for violation of this section.

Me.Rev.Stat.Ann. tit. 29–A, § 2081(5) (West 1996). In the alternative, Plaintiff contends that this evidence is inadmissible under FRE 401–02 in the context of both comparative negligence and mitigation of damages.[2]

### II. DISCUSSION

This Court, sitting in diversity, is presented with the question of whether to apply title 29–A, section 2081(5) of the Maine Revised Statutes ("Section 2081(5)") in this case. If the Court applies the universal prohibition of Section 2081(5), it is clear that evidence of Carl's failure to wear a seat belt is inadmissible for either comparative negligence or mitigation of damages purposes. On the other hand, if the Court applies FRE 401–02,[3] this evidence is admissible to the extent it is relevant to Carl's negligence[4] and mitigation of damages. Resolution of this issue requires analysis of the complicated *Erie* issues that arise when a Court is asked to apply a state law instead of the relevant FRE.

#### 1. Applicability of Section 2081(5)

It is axiomatic that courts sitting in diversity must apply state substantive law

---

1. ESPN Holding Company, Inc. and ESPN, Inc. submitted a Motion in Limine, joined by Timothy Brockman, regarding the admissibility of seat belt evidence. Event Specialists, Inc. is not a party to that Motion.

   Plaintiff's Motions Regarding Evidence of Nonuse of Seat Belts and to Strike Defendants' Experts apply to all four Defendants.

2. Plaintiff contends that (i) failure to wear a seat belt cannot be construed as "fault," (ii) *Sheltra v. Rochefort*, 667 A.2d 868 (Me.1995), indicates that seat belt nonuse does not give rise to the defense of comparative negligence in Maine, and (iii) a majority of jurisdictions have held that seat belt evidence is not relevant to the question of comparative negligence. In *Sheltra*, the Supreme Judicial Court recognized Maine's statutory ex-

clusion. *See Sheltra*, 667 A.2d at 871 ("[defendant's] reference to [plaintiff's] failure to use a seat belt was improper pursuant to the statute extant at the time of trial" and curative jury instruction, as opposed to mistrial, was sufficient remedy).

   Plaintiff also argues that failure to wear a seat belt is not relevant to the "avoidable consequences" component of mitigation theory because that doctrine is solely concerned with *post*-tort efforts to limit one's damages.

3. No provision of the FRE specifically addresses evidence of seat belt nonuse.

4. Maine has adopted the doctrine of comparative negligence. *See* Me.Rev.Stat.Ann. tit. 14, § 156 (1980).

and federal procedural law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Driving the *Erie* doctrine is a concern that "the outcome of the litigation in the federal court should be substantially the same . . . as it would be if tried in State court." *See Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Classification of a law as substantive or procedural requires an inquiry into whether the law is outcome-determinative. *See id.* In *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Court framed the "outcome-determination" test in the following manner:

> [would] application of the [state's] rule . . . make so important a difference to the character or result of the litigation . . . [or] have so important an effect upon the fortunes of one or both of the litigants that failure to [apply] it would [unfairly discriminate against citizens of the forum state, or] be likely to cause a plaintiff to choose the federal court?

*Hanna,* 380 U.S. at 468 n. 9, 85 S.Ct. 1136. In evaluating an *Erie* question, courts are to be guided by two goals: "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. 1136.

■ It is also axiomatic that the FRE govern in diversity cases.[5] *See Espeaignnette v. Gene Tierney Co., Inc.,* 43 F.3d 1, 9 (1st Cir.1994); *McInnis v. A.M.F., Inc.,* 765 F.2d 240, 244 (1st Cir.1985); *Headley v. Chrysler Motor Corp.,* 141 F.R.D. 362, 363–

65 (D.Mass.1991). Moreover, the First Circuit has determined that the FRE, like the Federal Rules of Civil Procedure, occupy a special position within the scheme of *Erie* analysis. *See McInnis,* 765 F.2d at 244–45. In *Hanna,* which involved a conflict between a Massachusetts law governing service of process and Federal Rule of Civil Procedure 4(d)(1), the Supreme Court held that a court could refuse to apply the Federal Rule only if it determined that the Federal Rule was unconstitutional or beyond the scope of the rule-making power of the Supreme Court. *See Hanna,* 380 U.S. at 471–72, 85 S.Ct. 1136. The First Circuit in *McInnis* adopted this analysis in a case presenting a choice between a judicially-fashioned state rule and a FRE. *See McInnis,* 765 F.2d at 244; *see also Rioux v. Daniel Int'l Corp.,* 582 F.Supp. 620, 624 (D.Me.1984) ("the *Hanna v. Plumer* test applies to the Federal Rules of Evidence as well as to the Federal Rules of Civil Procedure"). While acknowledging that federal *substantive* law may not displace state substantive law, the First Circuit stated that since the FRE are rules "purporting to govern *procedural* matters, [and] duly passed by Congress, [they] shall be presumed constitutionally valid unless they cannot rationally be characterized as rules of procedure."[6] *McInnis,* 765 F.2d at 244 (emphasis added).

At the same time, however, the First Circuit also has recognized that Congress did not intend the FRE to displace "substantive" state evidentiary rules. *See id.* at 245 (evaluating but rejecting plaintiff's claim that con-

---

**5.** Of course, the FRE explicitly provide that courts sitting in diversity must apply applicable state law on presumptions, privileges, and witness competency. *See* Fed.R.Evid. 302, 501, 601.

**6.** One treatise describes the principle in the following manner:

> [T]he Federal Rules of Evidence are the least affected by the [*Erie*] doctrine . . . If a[FRE] covers a disputed point of evidence, the Rule is to be followed, even in diversity cases, and state law is pertinent only if and to the extent the applicable [FRE] makes it so.

19 Charles Alan Wright et al., Federal Practice and Procedure § 4512, at 405 (2d ed.1996). In accordance with this principle, the First Circuit often has declined to apply state law where an applicable FRE existed. *See Ricciardi v. Chil-*

*dren's Hosp. Med. Ctr.,* 811 F.2d 18, 21 (1st Cir.1987) (applying FRE 803(6) business records hearsay exception instead of correlative Massachusetts statutory provision but noting there was no conflict because evidence was inadmissible under either rule); *McInnis,* 765 F.2d at 244 (applying FRE 403 to uphold admissibility of evidence of drinking to prove negligence instead of conflicting Massachusetts law).

A number of district courts in the First Circuit have followed suit. *See Cameron v. Otto Bock Orthopedic Indus., Inc.,* No. 92–12510–Y, 1994 WL 51630 (D.Mass. Jan. 7, 1994) (applying FRE 407 to exclude evidence of subsequent remedial measures instead of conflicting Massachusetts law), *aff'd* 43 F.3d 14, 17 (1st Cir.1994); *Rioux v. Daniel Int'l Corp.,* 582 F.Supp. 620, 624 (D.Me. 1984) (applying FRE 407 to admissibility of subsequent remedial measures evidence instead of Maine Rule of Evidence 407).

flicting Massachusetts law was substantive); *Daigle v. Maine Medical Center, Inc.,* 14 F.3d 684, 689 (1st Cir.1994) (upholding district court's application of Maine Health Act's evidentiary provisions instead of FRE governing hearsay and impeachment); *Carota v. Johns Manville Corp.,* 893 F.2d 448, 451 (1st Cir.1990) (applying Massachusetts evidentiary law to uphold admission of settlement evidence, rather than conflicting FRE 408). Other courts of appeals share this view. *See Hottle v. Beech Aircraft Corp.,* 47 F.3d 106, 110 (4th Cir.1995) (upholding district court's rejection of FRE 401–02 and application of Virginia rule of evidence to determination of admissibility of defendant's internal rules and regulations). These cases reflect an awareness that there are a number of "state law rules that, because their application results in the exclusion of evidence, sometimes are considered rules of evidence, but in fact serve substantive state policies and are characterized more properly as rules of substantive law within the meaning of the *Erie* doctrine." 19 Charles Alan Wright et al., Federal Practice and Procedure § 4512, at 422 (2d ed.1996). As the First Circuit put it in *Ricciardi,* a court must consider "whether application of the [Federal Rule instead of the state rule] impinges on some substantive state policy embodied in the state rule." *Ricciardi,* 811 F.2d at 21; *see also Carota,* 893 F.2d at 450.

■ Defendants contend that Section 2081(5), as a provision relating to the admissibility of evidence, is quintessentially "procedural," and therefore the Court must evaluate the proposed evidence under FRE 401–02. In support of this claim, Defendants rely on *Wardwell v. United States,* 758 F.Supp. 769 (D.Me.1991), a case in which an earlier, though virtually identical, version of Section 2081(5) was at issue. *Wardwell* was a negligence action brought under the Federal Tort Claims Act on behalf of an adult driver and minor passengers who were injured in a collision with a government vehicle. The defendant asserted a counterclaim for contribution against the adult driver in the event the defendant was found liable for damages to the minor passengers. At the time of the collision, the adult driver was obligated under Maine law to secure the minor passengers in seat belts. The defendant contended that evidence of the minor passengers' nonuse of seat belts was relevant to a finding that the adult driver was negligent. The plaintiffs submitted a Motion in Limine requesting the exclusion of this evidence based on an earlier version of Section 2081(5) and a related provision:

> [I]n any accident involving an automobile, the nonuse of seat belts by the driver of or passengers in the automobile shall not be admissible in evidence in any trial, civil or criminal, arising out of such accident.
>
> Failure to secure a child, in accordance with this section, may not be considered negligence imputable to the child, nor may that failure be admissible as evidence in any civil or criminal trial.

Me.Rev.Stat.Ann. tit. 29, §§ 1368–A,–C(5). After finding that the evidence was relevant under FRE 401–02 to the adult driver's causative negligence only, the Court briefly stated:

> To the extent that [the Maine statutory provisions] seek to prohibit the use of evidence of nonuse of seatbelts in any civil action, they are *not substantive* in their impact, being, rather, only a remedial statutory action to limit the consequences of nonobservance of the obligation of the operator of the vehicle created by the substantive law of Maine. As such, they do not take precedence over the Rules of Evidence as enacted by the Congress for governance of civil trials in this Court.

*Id.* at 771–72 (emphasis added).

Attachment of the label "not substantive" to this provision, as opposed to the label "procedural," arguably demonstrates that "[c]ertain matters do not fall neatly into the substantive/procedural dichotomy, but rather within a twilight zone between both classifications." *Carota v. Johns Manville Corp.,* 893 F.2d 448, 450 (1st Cir.1990). The District of Maine has identified the admissibility of seat belt evidence as an issue not easily categorized:

> The seat belt exclusionary rule falls in the 'gray area' between state evidentiary rules on 'housekeeping matters,' which yield in federal court to the Federal Rules of Evi-

dence, and those evidentiary rules, such as the rules of privilege, which are so enmeshed with substantive state policy that most federal courts have chosen to follow them.

*Pasternak v. Achorn,* 680 F.Supp. 447, 448 (D.Me.1988). In this case, the Court respectfully declines to adopt *Wardwell's* characterization of a state statute prohibiting evidence of seat belt nonuse at trial as "not substantive." A number of considerations lead the Court to this determination.

First, the Court is persuaded that Section 2081(5), a provision of an act that regulates the use of child safety seats and seat belts and sets forth enforcement criteria and penalties for violations, embodies an important policy of the state of Maine that should not be undermined in a diversity action. The legislative history surrounding Maine's first seat belt-related law, which included a provision almost identical to Section 2081(5), indicates that the state's policymakers did not want seat belt nonuse to give rise to civil liability or to a reduction in damages. *See* Maine Legislative R. 630 (1965) (statement of Senator Stern) ("The purpose of my amendment is to protect the public. The belts are there and if they want to use them fine, but … if someone sees fit not to use the belt this should not be considered in any [court] case."); Maine Legislative R. 787 (1965) (statement of Senator Shiro) ("persons .. [should] know that they are in no way exposing themselves to civil litigation or liability or in any way diminishing the value of an injury because they were not using [seat belts]").

Second, the "substantive" nature of Section 2081(5) is reflected by the fact that failure to apply Section 2081(5) in diversity cases would frustrate *Erie's* goals of avoiding inequitable administration of the laws and discouraging forum-shopping. *See Daigle v. Maine Med. Ctr., Inc.,* 14 F.3d 684, 690 (1st Cir.1994); *McInnis,* 765 F.2d at 246. Section 2081(5) is more than just a rule of admissibility: application of Section 2081(5) in state court presumably eliminates the availability of a "seat belt defense" for a defendant and affects the amount of a plaintiff's damages. Failure to apply this rule in a federal court action would create a serious inequity for plaintiffs who find themselves in federal court. Furthermore, because of Section 2081(5)'s above-described impact, it is likely that failure to apply the rule in federal court will encourage defendants to "forum-shop" via removal in order to gain the "seat belt defense" not available in Maine courts.[7]

Third, the Court observes that several courts of appeals have addressed the very question presented here and have determined that state statutes excluding evidence of seat belt nonuse are "substantive." *See Gardner v. Chrysler Corp.,* 89 F.3d 729, 736 (10th Cir.1996) (finding that Kansas statute prohibiting admission of seat belt nonuse evidence is "substantive," not procedural); *Barron v. Ford Motor Co. of Canada, Ltd.,* 965 F.2d 195, 200 (7th Cir.1992) (applying "substantive" North Carolina statute virtually identical to one at bar instead of FRE), *cert. denied,* 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 541 (1992); *Potts v. Benjamin,* 882 F.2d 1320, 1324 (8th Cir.1989) (finding that Arkansas statute excluding evidence that operator failed to secure minors in child seats is "substantive," not procedural, and FRE 401–02 do not apply); *see, also Dillinger v. Caterpillar, Inc.,* 959 F.2d 430, 434 n. 1 (3rd Cir.1992) (holding that admissibility of seat belt evidence is "substantive" and governed by Pennsylvania law because seat belt defense has legal consequences and is not merely evidentiary); *Sours v. General Motors Corp.,* 717 F.2d 1511, 1519 (6th Cir.1983) (assuming without discussion that admissibility of seat belt evidence is "substantive" and governed by state law).

Furthermore, *Wardwell* is not the only District of Maine case on point. In *Pasternak v. Achorn,* 680 F.Supp. 447 (D.Me.1988), a case factually similar to the one at bar, this Court applied Section 2081(5)'s predecessor to exclude evidence of seat belt nonuse because "a federal court should be reluctant to disregard a state statute so closely related to

---

7. *Erie's* "forum-shopping" concern extends to both plaintiffs' selection of initial forums and defendants' exercise of their removal rights. *See Stewart Organization, Inc. v. Ricoh Corp.,* 487

U.S. 22, 40, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (expressing concern that "defendants will be encouraged to shop for more favorable law by removing to federal court").

**216**

a substantive state legislative policy." *Pasternak*, 680 F.Supp. at 449. As in this case, the plaintiff in *Pasternak* sought to prevent admission of the evidence on the issues of comparative negligence and mitigation of damages. *See id.* at 447. The *Pasternak* Court decided to apply the Maine statute because of two circumstances also present here: at the time of the accident, Maine law (i) did not mandate seat belt use, and (ii) expressly prohibited admission of seat belt nonuse evidence. *See id.* at 449.

As Plaintiff clarified in a January 14, 1999, letter to the Court, in June 1995, Maine law only required drivers under the age of nineteen to wear seat belts. *See* Me.Rev.Stat. Ann. tit. 29–A, § 2081(3) (repealed 1995). Moreover, no independent judicially-created duty to use seat belts existed in Maine at that time. On the day of the accident, Carl was in his mid-sixties. The state did not require all drivers, regardless of age, to wear seat belts until December 1995, over five months after the accident in question. *See* An Act to Require All Persons to Use Safety Belts in Motor Vehicles, ch. 432, 1995 Me. Laws 820–21.

In light of these facts, even if Section 2081(5) did not apply, it is unlikely that the evidence in question would be admissible under FRE 401–02. Defendants' sole argument that this evidence is relevant to comparative negligence proceeds on the inaccurate assumption that Carl's failure to wear a seat belt constituted a violation of a Maine statutory provision requiring all drivers to wear seat belts.[8] Given that, in fact, Carl had no statutory duty to wear a seat belt, the evidence appears immaterial to a claim of comparative negligence and possibly even mitigation of damages. *See Wardwell v. United States,* 758 F.Supp. 769, 771 n. 2 (D.Me.1991) (noting that seat belt nonuse evidence was of "diminished relevance" in *Pasternak,* which excluded evidence as to both comparative negligence and mitigation of damages, because "the statute ... created no duty ... to use seat belts" and thus "it could not be argued that nonuse ... con-

stituted negligence ... or a breach of a statutory duty").

In light of the foregoing considerations, the Court will apply Section 2081(5) in this case and Defendants may not introduce evidence of Carl's failure to wear a seat belt. Plaintiff's Motion Regarding Evidence of Nonuse of Seat Belts is granted, and ESPN Holding Company, Inc., ESPN, Inc., and Timothy Brockman's Motion to Introduce Evidence of Nonuse of Seat Belt is denied.

**2. Plaintiff's Motions to Strike Defendants' Experts**

Defendants intend to elicit testimony from witnesses regarding the effects of Carl's failure to wear a seat belt. In light of the Court's disposition of Plaintiff's Motion Regarding Evidence of Nonuse of Seat Belts, the Court grants Plaintiff's Motions to Strike Defendants' Experts to the extent the proposed testimony relates to Carl's failure to wear a seat belt.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion Regarding Evidence of Nonuse of Seat Belts is GRANTED, ESPN Holding Company, Inc., ESPN, Inc., and Timothy Brockman's Motion to Introduce Evidence of Nonuse of Seat Belt is DENIED, and Plaintiff's Motions to Strike Defendants' Experts is GRANTED to the extent the proposed testimony concerns Carl's failure to wear a seat belt.

*SO ORDERED.*

---

8. Breach of a duty created by a safety statute may constitute evidence of negligence under Maine law. *See Trusiani v. Cumberland & York Distributors, Inc.,* 538 A.2d 258, 262 (Me.1988).