Tony **PARKER**

v.

Dallas **HARRIMAN.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1986.
Decided Oct. 22, 1986.

Nathan Greenberg (orally), Boston, James S. Horton, Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Charles Gilbert, III (orally), Lewis V. Vafiades, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

In this negligence action tried to a jury, the Superior Court (Waldo County) at the end of plaintiff Tony Parker's case directed a verdict in favor of defendant Dallas Harriman. On appeal we reject Parker's argument that he had presented enough evidence of Harriman's negligence to take the case to the jury, as well as his alternative contention that the principle of *res ipsa loquitur* was applicable to the facts of this case and eliminated the need of any other evidence of negligence. We affirm the judgment entered for defendant Harriman.

On April 29, 1983, Harriman was giving Parker a ride from Belfast to Frankfort when Harriman's pickup truck hit a pothole, causing a bolt on the front end to shear off. Harriman pulled his truck to the side of the road so that the driver's side was still on the pavement, with the passenger's side on the unpaved shoulder. Parker, who had had experience as an auto mechanic, offered to replace the bolt. Harriman placed a bumper jack on the front bumper toward the driver's side, causing the truck to tilt toward the ditch. Harriman leaned against the truck on the passenger's side, saying he would keep it from falling over, and Parker got under the truck on his hands and knees. While Parker was so occupied in working under the truck, the truck fell without warning, injuring Parker's back.

In reviewing a directed verdict the Law Court considers "the evidence, including every justifiable inference therefrom, in the light most favorable to the party against whom the verdict was directed. If by any reasonable view of this evidence a jury verdict for the plaintiff could be sustained, the granting of a directed verdict is improper." *Baker v. Mid Maine Medical Center*, 499 A.2d 464, 466 (Me.1985) (citations omitted). Parker first claims that the evidence would have justified the jury in finding Harriman negligent on at least two theories: (1) Harriman assumed a duty to keep the truck from falling by undertaking to steady the truck, which duty he violated by allowing it to fall; and (2) Harriman was negligent in furnishing improper equipment to Parker by using a bumper jack instead of a screw jack. To get to the jury, Parker needed to present at least some evidence from which a jury could find each element of negligence, namely, (1) a duty owed Parker by Harriman, (2) Harriman's breach of that duty, and (3) injury of Parker by that breach. *See Adams v. Buffalo Forge Co.*, 443 A.2d 932, 938 (Me.1982). Parker's evidence, even when considered in the light most favorable to him, does not support a finding of negligence on either theory.

■ Parker's argument that Harriman was negligent in allowing the truck to fall fails because the record contains no evidence to show that Harriman owed Parker a duty to prevent the truck from falling in the manner that it in fact fell. By offering to lean against the truck Harriman did not assume a duty to guarantee it would not fall. Harriman's action was calculated to prevent the truck from toppling toward the ditch, nothing more. If Harriman did as-

sume any duty by leaning against the truck, there is no evidence that he did not do everything possible to prevent harm to Parker. Indeed, there is no evidence that the truck toppled toward the ditch. The only evidence of how the accident occurred was Parker's own testimony that it appeared to him that the ratchet element of the jack slipped, not that the truck toppled off the jack and toward the ditch.

 Parker's argument that Harriman was negligent in furnishing equipment to him is unsupported by any evidence. Harriman had a duty to use ordinary care in supplying Parker with equipment for fixing the truck. The evidence, however, shows no breach of that duty. The jury heard no testimony that the bumper jack was improper for use upon a pickup truck. The fact that Parker asked for a screw jack suggests only that Parker would have preferred that type of jack, not that use of the bumper jack was improper. The fact that Parker, an experienced auto mechanic, did not hesitate to go beneath the truck suggests that at least he did not consider the bumper jack dangerously deficient.

Finally, the doctrine of *res ipsa loquitur* cannot be applied to the facts of this case to make up for the lack of other evidence of negligence. "[T]he mere fact that the accident occurred does not determine whether *res ipsa loquitur* may be applied. 'The character of the accident rather than the fact of the accident, decides, as a legal proposition, whether the doctrine applies.'" *Ginn v. Penobscot Company,* 334 A.2d 874, 879, *modified,* 342 A.2d 270 (Me.1975) (quoting *Chaisson v. Williams,* 130 Me. 341, 347, 156 A. 154, 157 (1931)). *Res ipsa loquitur* is applicable only where the accident would not ordinarily have occurred absent negligence on the part of the defendant. 334 A.2d at 879. Parker presented no evidence to show that bumper jacks are unlikely to slip absent negligence. Nor did he present evidence to show that in the circumstances of this case the jack would have fallen only if Harriman had been negligent. The character of the accident as established by the evidence at trial does not create an inference that such an accident would not have occurred absent negligence on Harriman's part.

Plaintiff Parker fails to establish any error in the verdict directed for defendant Harriman.

The entry is:

Judgment affirmed.

All concurring.