1997 ME 163

Charles COLVIN

v.

**A R CABLE SERVICES–ME, INC., d/b/a Cablevision.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 16, 1997.

Decided July 21, 1997.

Thomas R. Downing, Stephen Kottler, Hardy, Wolf & Downing, Lewiston, for plaintiff.

Jonathan W. Brogan, Anne M. Carney, Norman, Hanson & DeTroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant A. R. Cable Services–ME, Inc. appeals from a judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) on a jury verdict awarding plaintiff damages in his personal injury action. Defendant argues that the court should have ruled as a matter of law that it owed no duty to plaintiff. Alternatively, defendant argues that the court should have granted a new trial because the jury improperly considered insurance coverage in its deliberations. Rejecting both arguments, we affirm the judgment.

[¶ 2] The facts presented at trial may be summarized as follows: Plaintiff Charles Colvin was injured on May 5, 1994, when he fell on an exterior stairway leading to the main entrance of a four-unit apartment building in Auburn. Plaintiff was the property manager of the building and was living there with his family. The fall occurred at approximately 3:00 p.m. on his return from a grocery store. As he climbed up the steps carrying a plastic grocery bag, his left knee struck defendant's utility service box mounted on the exterior of the building adjacent to the steps. He fell and suffered injuries to his shoulder, low back, and legs. The stairs are approximately four feet wide and five risers high. His daughter was climbing them at the same time on his right side.

[¶ 3] Defendant installed the box in December 1993. Plaintiff testified that he was present when the box was installed, that he told defendant's installer that the stairway was a bad location for it, and that he suggested several better locations. After the fall, he immediately called defendant and demanded that they move the box to a safer location. Defendant came and moved it to a telephone pole.

[¶ 4] Plaintiff filed a complaint in the Superior Court alleging that defendant negligently placed the box in an unsafe location, and that plaintiff suffered injuries as a proximate result of defendant's negligence. Before the case was submitted to the jury, defendant moved for a judgment as a matter of law arguing that no duty was owed to plaintiff. The court denied the motion. During deliberations, the jury sent a note to the court asking whether plaintiff had medical insurance. The court responded in writing directing the jury to consider only information introduced in evidence. The jury returned a verdict awarding plaintiff $7,500,.

[¶ 5] Defendant renewed its motion for a judgment as a matter of law and filed a motion for a new trial. The court denied both motions and defendant now appeals.

I. Motion for a Judgment as a Matter of Law

[¶ 6] We review the denial of a motion for a judgment as a matter of law to determine whether "by any reasonable view of the evidence, including the inferences to be drawn therefrom, taken in the light most favorable to the non-moving party, the verdict can be sustained." *Williams v. Inverness Corp.,* 664 A.2d 1244, 1246 (Me.1995); M.R. Civ. P. 50.

[¶ 7] First, defendant contends that it owed no duty to plaintiff because it was not the possessor of the premises where the injury occurred. The existence of a duty of care is a question of law. *Trusiani v. Cumberland & York Distributors,* 538 A.2d 258, 261 (Me.1988). We find no support in the law for defendant's assertion that it owes no duty of care to those who may be injured by devices that it installs in homes throughout the state. A non-possessor who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms.

> The reasonable foreseeability of injury to others from one's acts or from one's failure to act raises a duty in law to proceed in the exercise of reasonable care. It is not necessary that the precise type of injury be foreseen nor the specific person injured.

*Quinn v. Moore,* 292 A.2d 846, 850 (Me. 1972). The defendant in *Quinn* was a non-

possessor subcontractor whose negligent installation of metal lath flooring created a dangerous condition resulting in an injury to a construction worker. Moore argued that he owed no duty to Quinn after the subcontract had been completed and when he had no longer had possession or control of the flooring. We rejected this argument and noted that "[n]egligence is gauged by the ability to anticipate." *Id.* at 851. "The common-law test of duty is the probability or foreseeability of injury to the plaintiff." *Brewer v. Roosevelt Motor Lodge,* 295 A.2d 647, 651 (Me.1972).

[¶ 8] Defendant next argues that if it owes any duty, it should not exceed the duty owed by possessors of land. In particular, defendant seeks to apply the rule for known and obvious dangers on the land.

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965). We have applied section 343A(1) in previous possessor liability cases. *E.g. Williams v. Boise Cascade Corp.,* 507 A.2d 576, 577 (Me.1986); *Baker v. Mid–Maine Medical Center,* 499 A.2d 464, 467 (Me.1985); *Isaacson v. Husson College,* 297 A.2d 98, 105 (Me.1972). We have not applied the rule to non-possessors. Because its application in the present case would not alter the result, we need not decide whether the rule controls the liability of non-possessors.[1]

■ [¶ 9] Contrary to defendant's contention, section 343A does not express a "no duty" rule. The rule imposes on the possessor of land a duty to use reasonable care to prevent risks arising from known and obvious conditions on the land that the possessor should reasonably anticipate causing harm to others despite such knowledge or obviousness.

> There are ... cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. ...

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

RESTATEMENT (SECOND) OF TORTS § 343A cmt. f (1965). Even as a possessor of the land, defendant would have a duty of care under the circumstances of this case. The evidence, viewed in the light most favorable to the plaintiff, does not compel the conclusion that, as a matter of law, a reasonably prudent person should not have anticipated harm to persons using the stairway despite the known or obvious danger presented by the utility services box.

## II. Motion for a new trial

■ [¶ 10] A trial court's denial of a motion for a mistrial is reviewed for an abuse of discretion and will be overruled only "when the record discloses exceptionally prejudicial circumstances." *Williams v. Inverness Corp.,* 664 A.2d 1244, 1248 (Me.1995). We find no merit in defendant's argument that it was prejudiced by a jury note inquiring about plaintiff's medical insurance. It cites *Duguay v. Pomerleau,* 299 A.2d 914, 916 (Me.1973) and M.R. Evid. 411 for the

---

1. We note, without adopting them, that sections 384 & 385 provide standards for defining the liability of "Persons Creating Artificial Conditions on Land on Behalf of Possessor." RESTATEMENT (SECOND) OF TORTS § 384, 385 (1965).

proposition that references to insurance are to be avoided as prejudicial unless special circumstances require it. Both the common law rule and Rule 411, however, are designed to prevent the prejudice that arises from the introduction of evidence of defendant's liability insurance. *Duguay*, 299 A.2d at 916; M.R. Evid. 411. Even if we ignore the fact that no improper evidence was received in evidence, defendant's suggestion that it was prejudiced by the jury's mere inquiry concerning plaintiff's medical insurance is unpersuasive. The only inference to be drawn from the note is that the jury may have been contemplating a lower award of damages in the event that plaintiff's medical bills had been paid by his insurance. The court responded appropriately to the inquiry and did not abuse its discretion by declining to order a new trial.

The entry is:

Judgment affirmed.

