STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

SEP 19   10 35 AM '01

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-626

THOMAS POOLE,

      Plaintiff

v.

                          ORDER ON DEFENDANT'S
                          MOTION FOR SUMMARY
                          JUDGMENT

TAKAJO MAINE, LLC d/b/a
HAMPTON INN,
and MAINE TURF & GREENERY,

      Defendants

Defendant Maine Turf & Greenery (Maine Turf) filed a Motion for Summary Judgment on Plaintiff's negligence claim, asserting that Maine Turf owed no duty to Plaintiff. Plaintiff opposes the Motion. Upon reviewing Maine Turf's Motion, Plaintiff's Response and the relevant law, Maine Turf's motion for summary judgment will be granted.

## BACKGROUND

Plaintiff alleges that he slipped and fell while on Takajo Maine, LLC's premises. Defendant Statement of Material Fact (DSMF) ¶ 1; Plaintiff Response Statement of Material Fact (PRSMF) ¶ 1. Plaintiff does not allege that Maine Turf owned or controlled the subject premises. DSMF ¶ 2; PRSMF ¶ 2. Plaintiff alleges that Maine Turf was negligent in its plowing and sanding, in breach of its duty to Plaintiff and to others lawfully present and/or foreseeably present on the premises. DSMF ¶ 3; PRSMF ¶ 3. Plaintiff asserts that Maine Turf contracted with Takajo to provide snow plowing and sanding services including the parking area where

Plaintiff fell and was injured. DSMF ¶ 4; PRSMF ¶ 4. Defendant sanded on January 10, 1998. DSMF ¶ 5; Maine Turf's Answers to Interrogatories No. 20. Plaintiff disputes that the sanding was complete. PRSMF ¶ 5; Plaintiff's Dep. p. 18 line 4.

The only disputed facts between Plaintiff and Maine Turf is whether the sanding performed by Maine Turf was adequate or complete, and whether the parking lot was well sanded when Plaintiff fell on January 13, 1998. DSMF ¶ 6, Defendant Takajo Answer to Interrogatories No. 12; PRSMF ¶ 6, Plaintiff's Statement of Material Facts ¶ 1; Plaintiff's Dep. p. 18 line 4.

## DISCUSSION

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. "A genuine issue of material fact is present only when 'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.'" Francis v. Stinson, 2000 ME 173, ¶ 37, 760 A.2d 209, 217 (quoting Prescott v. State Tax Assessor, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72).

### I. Materiality of Disputed Facts

Plaintiff correctly asserts that there is a factual dispute as to whether the parking lot was sufficiently sanded. However, the issue of fact is only material in this case if Maine Turf had a duty to Plaintiff. If Maine Turf had a duty to Plaintiff, then the issue of whether the lot was sufficiently sanded would be material to a

2

determination of whether Maine Turf breached its duty.

## II. Whether Maine Turf Owed a Duty to Plaintiff

Whether a person owes duty of care to another is a question of law. <u>Denman v. Peoples Heritage Bank, Inc.</u>, 1998 ME 12 ¶ 4, 704 A.2d 411, 413. Maine Turf argues that it owes no duty to Plaintiff, and specifically asserts that it does not owe a duty to Plaintiff as a possessor of the premises, and also that Plaintiff is not a third-party beneficiary of the contract between Maine Turf and Takajo Maine. Plaintiff does not dispute this argument. In fact, Plaintiff does not even assert that Maine Turf owes a duty to Plaintiff under either of these theories.

Plaintiff does assert that Maine Turf owes a duty to Plaintiff as someone who might be affected by its negligence. In support of this contention, Plaintiff cites <u>Colvin v. A R Cable Services-ME, Inc.</u>, 1997 ME 163, 697 A.2d 1289, for the proposition that "[a] non-possessor who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." <u>Id.</u> at 1290-1291 (finding injury caused by A R Cable Services-ME's installation of box on stairwell created a dangerous condition); <u>see also</u> <u>Quinn v. Moore</u>, 292 A.2d 846, 850 (Me. 1972) (finding injury caused by Quinn's negligent installation of floor was actionable). The cases Plaintiff relies on are distinguishable in that the defendants in those cases created the actual hazard. Here, the snow and ice are the hazard - these were not created by Maine Turf. Plaintiff has not established that Maine Turf had a duty as the creator of a dangerous condition.

3

The entry is

Defendant Maine Turf's request for summary judgment is GRANTED.

Dated at Portland, Maine this 18th day of September 2001.

Robert E. Crowley
Justice, Superior Court

Date Filed  10-17-00          CUMBERLAND          Docket No. CV 00-626
                                County

Action   PERSONAL INJURY



THOMAS POOLE                          TAKAJO MAINE, LLC dba HAMPTON INN
                                      ~~MAINE TURF & GREENERY, INC~~.S.J. 9-19-01

                                vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS R. DOWNING ESQ 784-1589 | ~~DAVID HIRSHON, ESQ  874-6700 (Maine Turf)~~ |
| PO BOX 3065, LEWISTON ME 04243 | ~~PO BOX 15060, PORTLAND ME 04112~~ |
| | JOHN S. WHITMAN ESQ 774-7474 (Takajo) |
| | THOMAS R. MCKEON ESQ |
| | PO BOX 9545, PORTLAND ME  04112 |
| | NANCY MACIROWSKI ESQ. (MAINE TURF) |
| | PO BOX 7109, PORTLAND 04112 |

| Date of Entry | |
|---|---|
| **2000** | |
| Oct. 17 | Received 10-16-00: Defendant Maine Turf & Greenery, Inc.'s Answer and Affirmative Defenses filed. |
| "   "" | Received 10-17-00: Complaint Summary Sheet filed. |
| "   " | Complaint filed. |
| "   " | Summons filed showing officer's return of service on 09-26-00 upon Takajo Maine, LLC to Mark Googins. |
| "   " | Summons filed showing officer's return of service on 09-25-00 upon Maine Turf & Greenery upon David Hirshon, Esq. |
| Oct. 18 | Received 10-17-00: Defendant Maine Turf & Greenery, Inc.'s Answer filed. |
| Oct. 18 | Received 10-18-00: Defendant Takajo Maine, LLC, d/b/a Hampton Inn Notification of Discovery Service filed. First request for production of documents served on Thomas R. Downing Esq. on 10-17-00. |
| Oct. 24 | Received 10-24-00: Defendant Maine Turf & Greenery's Notification of Discovery Service filed. Defendant Maine Turf & Greenery Inc.'s Interrogatories propounded to plaintiff, and Defendant's first request for production of documents propounded to plaintiff served on Thomas Downing Esq., on 10-23-00. |
| Oct. 25 | Received 10-24-00. Defendant, Maine Turf & Greenery Inc.'s, Answer filed. |
| "" | Defendant, Maine Turf & Greenery Inc.'s, Consent Motion to File Late Answer with Incorporated Memorandum of Law filed. |
| "" | Defendant's request for hearing filed. |
| Oct. 26 | Received 10-26-00: Defendant Takajo Maine's Notification of Discovery Service. Interrogatories propounded to plaintiff served on Thomas Downing Esq. on 10-25-00. |