STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-39

FILED & ENTERED
SUPERIOR COURT
MAY 0 8 2002
PENOBSCOT COUNTY

JLH- PEN - 5|8|2002

Tina Hatcher,
    Plaintiff

v.

House Revivers, Inc.,
    Defendant

Order on Defendant's Motion
for Summary Judgment

Pending before the court is the defendant's motion for summary judgment. In connection with the motion, the parties have filed various submissions, including rule 56(h) statements of material fact and written argument. The court has considered that material.

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. If the evidence favoring the nonmoving party is 'merely colorable, or is not significantly probative, summary judgment may be granted." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 1145 (Me. 1995) (internal punctuation and citation omitted).

The record on summary judgment establishes that on March 29, 1999, the plaintiff was leaving a building located in Bangor. DSMF ¶ 5. She exited the door to the building and stepped onto a set of freestanding precast concrete steps. DSMF ¶¶ 5, 9. The steps suddenly dropped out from under her, causing her to fall and sustain injuries. *Id.* The plaintiff does not know why the steps shifted under her. DSMF ¶ 21. Earlier that month, the defendant had performed some renovations on the building. DSMF ¶¶ 4, 13. The

1

defendant does not own the building, and its only control of the premises flows from the contracting work it performed there. DSMF ¶ 17; Plaintiff's Opposing Statement of Material Fact ("POSMF") ¶ 17. In early March, in response to a request from the owner or occupant of the building, which is used as a group home, DSMF ¶ 16, two employees of the defendant leveled the set of steps. DSMF ¶¶ 13, 15. In order to level the steps, the workers lifted the steps with pry bars and then leveled the ground where the steps sat. POSMF ¶ 11. After this work was performed, the defendant was not aware of any problems with the steps until after the plaintiff was injured. DSMF ¶ 15; POSMF ¶ 15. According to the defendant's president, who has more than 30 years of experience as a carpenter and general contractor, the steps may have settled after the defendant leveled them, due to frost conditions in the ground. DSMF ¶¶ 3, 14. Some person or entity other than the defendant originally installed the steps. DSMF ¶ 10.

In support of its motion, the defendant contends that the record at bar does not create a genuine issue of material fact to support the plaintiff's allegation that the defendant was negligent.

A party who is not in possession of premises nonetheless may be liable for reasonably foreseeable injuries caused by a dangerous condition that the party negligently creates on those premises. *Colvin v. A R Cable Services-Me, Inc.*, 1997 ME 163, ¶ 7, 697 A.2d 1289, 1290. The occurrence of an accident is not evidence of negligence. *Rice v. Sebasticook Valley Hospital*, 487 A.2d 639, 641 (Me. 1985). Here, there is no direct evidence to explain the reasons why the steps shifted as the plaintiff stepped onto them. Indeed, on this motion, the plaintiff agrees that she does not know why the steps moved under her, and there is no evidence that the manner in which the defendant leveled the steps failed to meet industry standards or a more vernacular standard of reasonable care. Thus, the plaintiff is left to argue that the defendant's work must have been negligent because the plaintiff sustained injuries after that work had been performed. In other words, the plaintiff argues that negligence may be inferred under the analysis of *res ipsa loquitur*.

As an alternative to proof of specific negligence, *Poulin v. Aquaboggin Waterslide*, 567 A.2d 925, 926-27 (Me. 1989), a plaintiff may attempt to establish negligence liability inferentially, with evidence that an injury resulted from an

2

unexplained accident, that the accident was caused by an instrumentality that was under the defendant's management or control and that in the ordinary course of events the accident would not have happened unless the defendant had been negligent. *Sheltra v. Rochefort*, 667 A.2d 868, 870 (Me. 1995). Here, even when the record is viewed favorably to the plaintiff under the summary judgment analysis, it fails as a matter of law to sustain a factual argument that the accident at issue here does not occur in the absence of negligence. The record affirmatively establishes that the frost in the ground could have caused the steps to shift after the defendant leveled the steps but prior to the accident. Even beyond this, the record also does not exclude the circumstance that the steps could have shifted despite the exercise of due care by the defendant.

In *Sheltra*, the Law Court affirmed the trial court's decision not to instruct the jury on *res ipsa loquitur* when the subject motor vehicle accident could have occurred without negligence by either of the parties. 667 A.2d at 870. The Court reached the same conclusion in the same procedural context in *Pratt v. Freese's, Inc.*, 438 A. 2d 901 (Me. 1981), because the trial evidence failed to exclude "[r]esponsible causes not involving negligence. . . ." *Id.* at 904. Further, in *Parker v. Harriman*, 516 A.2d 549 (Me. 1986), the Law Court affirmed a directed verdict entered in favor of the defendant when the plaintiff failed to present evidence that a jack, used to lift a vehicle, is unlikely to slip absent negligence or, conversely, that a jack would have fallen only through negligent conduct. *Id.* at 551. Therefore, in each of these cases, the Law Court concluded that, as a matter of law, the evidence was insufficient to allow the fact finder to even consider the question of inferred negligence, because that evidence did not exclude a negligence-free explanation for the accident. *See also* RESTATEMENT (SECOND) OF TORTS § 328D(2) (1965) ("It is the function of the court to determine whether the inference may reasonably be drawn by the jury . . ."). In such circumstances, because there also was no specific evidence of negligence, "it would have been sheer speculation for the jury to infer that the accident was caused by some negligent act of [a defendant] simply because the accident had occurred." *Pratt*, 438 A.2d at 904.

Similarly, in the case at bar, the record would be insufficient to warrant an instruction that would allow the jury to evaluate the plaintiff's negligence allegation

3

through the inferential process of *res ipsa loquitur*. Because of the absence of direct and inferential evidence of negligence, the defendant is entitled to summary judgment.

The entry shall be:

For the foregoing reasons, the defendant's motion for summary judgment is granted. Summary judgment is entered for the defendant. The defendant is awarded its costs of court.

Dated: May 6, 2002

_____
Justice, Maine Superior Court