# United States Court of Appeals
## For the First Circuit

Nos. 06-2705, 06-2706

CLAIRE BROWN,

Appellee/Cross-Appellant,

v.

CROWN EQUIPMENT CORPORATION,

Appellant/Cross-Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
[Hon. David M. Cohen, U.S. Magistrate Judge]

Before

Torruella, Boudin and Dyk,[*]
Circuit Judges.

Jeffrey F. Peck with whom Ulmer & Berne, LLP, John A.K. Grunert and Campbell, Campbell, Edwards & Conroy, P.C. were on brief for appellant/cross-appellee.
Jonathan S. Franklin, Kimberly S. Walker, Fulbright & Jaworski L.L.P., Robin S. Conrad and Amar D. Sarwal, National Chamber Litigation Center, Inc., on brief for International Association of Defense Counsel and Chamber of Commerce of the United States of America, Amici Curiae.
Nicole L. Lorenzatti with whom Terrence D. Garmey and Smith Elliott, Smith & Garmey P.A. were on brief for appellee/cross-appellant.
Stephen B. Pershing, Center for Constitutional Litigation, P.C., and Lewis S. Eidson on brief for the American Association for Justice, Amicus Curiae.

January 28, 2009

[*]Of the Federal Circuit, sitting by designation.

**Per Curiam**.  This appeal arises out of a law suit stemming from the death of Thomas Brown, who was killed operating a forklift manufactured by the Defendant, Crown Equipment Company.  Brown's wife, Claire, filed suit in the Maine Superior Court for damages arising from the accident, claiming inter alia that Crown had negligently failed to warn Brown's employer of risks posed by the forklift; Crown removed the case to federal district court on diversity grounds.

A jury found for Brown on the failure to warn claim, awarding $4.2 million in damages.  Subsequently, pursuant to a state statute limiting the damages that can be awarded for loss of consortium, the district judge lowered the award to $1,523,809.[1]  Both sides raised various issues on appeal, most of which were resolved in our prior decision in the matter.  Brown v. Crown Equip. Corp., 501 F.3d 75 (1st Cir. 2007).  However, we did certify the following two questions of Maine law to the Supreme Judicial Court ("SJC") of Maine:

> (1) Does Maine law incorporate the rule of Restatement (Third) Torts: Products Liability § 10 that a manufacturer has a duty to warn known but indirect purchasers where the product was not defective at the time of sale but a product hazard developed thereafter?

---

[1]The jury's initial award of $4,200,000 was reduced by $200,000 due to Mr. Brown's comparative negligence.  The trial judge was then required to reduce the initial award to $1.6 million because of the statutory cap on consortium damages.  There remained the question of how the jury was to determine the appropriate reduction to be taken for the comparative negligence finding.  Brown, 501 F.3d at 79.

> (2) Under Maine law, how is a jury's dollar adjustment for comparative negligence to be applied where a portion of the original damages award is reduced pursuant to the statutory damage cap?

Id. at 79-80.

We also allowed, however, that "[t]o the extent that the answer from the Maine SJC is qualified, we will address the liability issue in light of the Maine SJC's explanation as to Maine law." Id. at 80.

On the first question the Maine SJC found Crown to have had a post-sale duty to warn Brown or his employer; but it did not locate such a duty in the Restatement, as Brown had urged; instead it held that the present facts permitted Brown to recover under a "straightforward negligence" theory. Brown v. Crown Equip. Corp., 960 A.2d 1188, 1193-94 (Me. 2008). Its response to the second question also called for a modest alteration in the damages calculation that neither party now disputes.

In light of the Maine SJC's response on the liability issue, Crown has asked us to remand to provide it with a new trial. Crown argues the SJC's decision "indicates that the failure to warn claim was incorrectly" tried to the jury, because the jury was given an instruction that corresponded with section 10 of the Restatement.[2]

---

[2]Under section 10 of the Restatement a seller is liable for a post-sale failure to warn where:
> (1) the seller knows or reasonably should know that the product poses a substantial risk of harm to persons or property; and
> (2) those to whom a warning might be provided can be

-3-

A new trial, it contends, will allow a jury to be instructed in accordance with a general negligence theory of liability, while also allowing Brown to develop a trial strategy based on that theory. Brown urges instead that we affirm the district court judgment on liability, remanding only to adjust the amount of damages.

The liability problem in this case concerns a product that (so the jury found) was not negligent when made but for which dangers developed or became apparent thereafter; and any obligation to warn was complicated by the fact that Brown's employer had not bought the forklift from Crown but acquired it from an intermediate owner. The Restatement has a fairly expansive provision establishing a post-sale duty to warn; traditional negligence law, which requires as a distinct element that there be "a duty owed to the plaintiff by the defendant" could be read more narrowly under certain circumstances.[3]

_____

> identified and can reasonably be assumed to be unaware of the risk of harm; and
> (3) a warning can be effectively communicated to and acted on by those to whom a warning might be provided; and
> (4) the risk of harm is sufficiently great to justify the burden of providing a warning.

Restatement (Third) of Torts § 10 (1998).

[3]In traditional negligence cases, a plaintiff must prove the following: (1) a duty owed to the plaintiff by the defendant; (2) the defendant's breach of that duty; and (3) injury of the plaintiff by that breach. Parker v. Harriman, 516 A.2d 549, 550 (Me. 1986). The common-law test of whether a duty is owed (in this case it would be the duty to warn) is the "probability or foreseeability of injury to the plaintiff. The risk reasonably to be perceived within the range of apprehension delineates the duty to be performed and the scope thereof." Fortin v. The Roman Catholic Bishop of Portland, 871 A.2d 1208, 1232 (Me. 2005) (internal quotations omitted). Under

-4-

In the trial court Crown argued that there was no duty to warn at all but, to the extent that one existed, it urged that the Restatement language be used to define the duty--probably hoping that the specific tests provided might work to its advantage. By contrast Brown seemingly thought that a jury would be sympathetic to finding a duty to warn on the present facts, and urged that a general negligence instruction be given. The trial court found that the Restatement test expressed Maine law and used its language in the instruction to the jury.

On appeal, Crown continued to argue that there was no duty to warn at all and, unsure whether the Maine SJC would adopt such a duty or what form it would adopt--the Restatement test is controversial--we asked the court for guidance. Although we asked specifically about the Restatement test since it was used in the instruction, at the outset of our opinion we identified the central question for the SJC to decide as being "whether Maine law would recognize a post-sale duty to warn claim." Brown, 501 F.3d at 76. We also made clear that we welcomed any general guidance that the SJC could provide on this question.

Accordingly, we begin by rejecting any suggestion by Crown that the Maine court exceeded its brief in its response: namely, that Maine did not adopt the Restatement formulation but that on these

---

Maine law the question of whether a duty is owed in a negligence case is one of law for the trial judge. E.g., Searles v. Trustees of St. Joseph's College, 695 A.2d 1206, 1209 (Me. 1997).

facts a duty to warn did exist.[4]  It was a peculiarity of this case, clearly helpful to Brown, that Crown did know that Brown's employer had a Crown forklift and had visited the employer's site on another matter relating to the forklift but provided no warning.  The dominant issue on Crown's appeal--whether a duty to warn existed--was properly addressed by the Maine SJC in Brown's favor.

Crown also cannot show that the jury instruction given in the district court warrants a new trial.  True, the Maine SJC declined to adopt the Restatement test for the duty to warn.  But given the existence of a duty to warn on the present facts (which the Maine SJC has just established), it is very hard for Crown to show that it was prejudiced by the particular Restatement formulation, which it had itself urged as a default position, and it has failed to make such a showing.

Crown argues that it would have pursued a different strategy under a negligence-based standard.  Yet the trial judge did not decide on the correct instructions to be given to the jury until after both sides had completed their presentation of the evidence, although it was before their respective closing statements.

---

[4]Further, we have cited with approval a Fifth Circuit opinion holding that the form of a certified question should "not . . . restrict the [state] Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified . . ., [including] the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given...."). Vanessa Redgrave v. Boston Symphony Orchestra, 855 F.2d 888, 903 (1st Cir. 1988) (citing Martinez v. Rodriguez, 394 F.2d 156, 159 (5th Cir. 1968)).

Therefore, it is not surprising that Crown fails to point to any evidence that it would have offered, nor any arguments that it would have made, had the jury received only a traditional negligence instruction.

Therefore, in light of the Maine SJC's answer to our certified questions, we uphold the jury's verdict and remand only so that the district court can modify its damages award so that it comports with the Maine SJC's ruling.

It is so ordered.