STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-131

ARMANDO BAEZ and APRIL
BAEZ,

        Plaintiffs

**ORDER**

v.

GMRI, INC. d/b/a THE OLIVE GARDEN
ITALIAN RESTAURANT,

        Defendant.

Before the court is Defendant GMRI, Inc.'s (GMRI's) motion for summary judgment. GMRI has sought summary judgment on both Baez's negligence claim and Baez's wife's loss of consortium claim.

**Background:**

Plaintiff Armondo Baez was employed as a delivery driver on March 17, 2014. (Def.'s SMF ¶ 4.) On that date Baez made a delivery to the Olive Garden Restaurant located at 205 Civic Center Drive, Augusta, Maine. (Def.'s SMF ¶¶ 3, 8; Pl.'s Opp. SMF ¶ 8.) The restaurant is owned by defendant GMRI. (Def.'s SMF ¶ 3.)

Upon arriving at the restaurant, Baez parked his delivery truck in the rear of the premises approximately 15-20 feet from the rear service door. (Def.'s SMF ¶ 9.) While moving boxes from his truck to the restaurant Baez noticed a sheet of ice on the service door walkway. (Def.'s SMF ¶ 13.) Baez informed a restaurant employee that there was ice on the walkway. (Def.'s SMF. ¶ 16.) On Baez's third trip between his truck and the restaurant he was startled by an employee, stepped on the ice patch, slipped and fell to the pavement. (Def.'s SMF ¶¶ 21-22.) Baez thereafter

1

completed his delivery, made another delivery and then drove his truck back to Worcester, Massachusetts. (Def.'s SMF. ¶ 24; Pl.'s Opp. SMF ¶ 24.)

## Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." *Id.*

## Discussion

GMRI makes two arguments in support of its motion for summary judgment. First, GMRI argues that it owed Baez no duty of care because the "dangerous hazard" was the result of a natural accumulation of ice and was not created by GMRI. Second, GMRI argues that Baez's failure to exercise due care was the sole cause of his injuries. GMRI also argues that judgment should be

2

entered in its favor on Ms. Baez's loss of consortium claim because that claim arises from the same act which gave rise to the underlying negligence claim.

## I. GMRI's Duty

GMRI's first argument fails because it is based on the standard for determining whether a non-possessor of land owes a duty of care to those who use the land. The Law Court has held that a non-possessor of land "who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." *Colvin v. A R Cable Services-ME, Inc.*, 1997 ME 163, ¶ 7, 697 A.2d 1289. The Law Court has applied this holding to a winter weather context and held that a snow plowing company, as a non-possessor of land, did not negligently create a dangerous condition by failing to sand a parking lot after plowing it and therefore did not owe a duty of care to the plaintiff who slipped and fell in the parking lot. *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶¶ 21-22, 26 A.3d 787. Instead, the dangerous condition was created by the natural accumulation of ice and snow. *Id.*

In this case, GMRI cites to *Davis* and argues that the patch of ice which Baez slipped on was the result of the natural accumulation of ice and that GMRI was therefore under no duty to remove it. As noted, this argument is built upon the wrong standard as *Davis* was based upon the standard of care which applies to non-possessors of land. In this case, the undisputed facts support a finding that the defendant possessed the premises upon which the patch of ice was located.[1] It is well settled that under the law of Maine, an "owner of premises owes a legal duty to his business invitees to protect them from those dangers reasonably to be foreseen." *Stanton v. Univ. of Me. Sys.*, 2001 ME 96, 773 A.2d 1045; *See also Budzko v. One City Ctr. Assocs.*, 2001 ME 37,

---

[1] Defendant also conceded this fact at oral argument.

3

¶ 11, 767 A.2d 310 ("[I]n 'slip and fall' negligence cases, a business owner owes a positive duty of exercising reasonable care in providing reasonably safe premises when it knows or should have known of a risk to customers on its premises") (quotation omitted).

When applying this standard, the Law Court has held that those who are in possession or control of a premises owe business invitees a duty to keep premises reasonably safe from an unreasonable risk of harm posed by snow and ice. *Libby v. Perry*, 311 A.2d 527, 535 (Me. 1973) ("The mere fact that snow and ice conditions are prevalent during the course of our Maine winters is not sufficient justification for the insulation of the occupier of land from liability to his business invitees exposed to an unreasonable risk of harm"); *Budzko*, 2001 ME 37, ¶ 11, 767 A.2d 310 (holding that "evidence supported the jury's implicit findings that [One City Center] failed to treat the ice with salt or sand, failed to shovel any of the accumulated snow or ice, and failed to warn its business invitees of the icy condition of the premises"). Because GMRI occupied the premises on which the ice was located, it had a duty to keep the premises reasonably safe from an unreasonable risk of harm posed by ice despite the fact that ice results from natural weather conditions. *See Libby*, 311 A.2d at 535.

## II. Baez's Fault

In its second argument, GMRI asserts that Baez failed to exercise due care to avoid the known danger posed by the icy condition and therefore Baez's conduct is the sole cause of his injuries. Specifically, GMRI asserts that Baez's conduct shows that he believed he could exercise reasonable care and safely use the pathway between the truck and the service entrance.

To support its argument, GMRI cites to *Isaacson v. Husson College*, 297 A.2d 98 (Me. 1972). This case, however, undermines GMRI's argument. In *Isaacson*, a college student slipped

4

on a patch of ice while walking from the dining commons to his dormitory. *Id*. at 100. On appeal, the college argued that the student's recovery was barred by his own negligence in encountering a known danger. *Id*. at 106. In response to this argument, the Law Court stated the following:

> Mere knowledge of an icy condition before passing over it does not establish negligence on the part of a business invitee. The test is, whether the plaintiff, knowing of the icy condition, reasonably believed, or had a right to believe, that he could use the pathway safely by the exercise of reasonable care.

*Id* at 106-07. The Court concludes, as in *Isaacson*, that the reasonableness of Baez' belief that he could safely pass is a factual question for the jury to determine. *See id* at 107.

An invitee's knowledge of a dangerous condition is not "conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." *Williams v. Boise Cascade Corp.*, 507 A.2d 576, 577 (Me. 1986). This is because "the landowner may have a duty to warn or take other action if he should anticipate that the invitee will nevertheless encounter the condition because it is advantageous to do so, or if he should anticipate that the invitee is likely to be distracted." *Id; see also Isaacson*, 297 A.2d at 105 (citing The Restatement (second) of Torts § 343A(1)); *Colvin*, 1997 ME 163, ¶ 9, 697 A.2d 1289. In this case, taking the evidence in the light most favorable to Baez as the non-moving party, a fact finder could also conclude that it was advantageous for Baez to use the walkway to make his delivery and that he would likely be distracted while making his delivery. Consequently, a genuine issue of material fact exists regarding Baez's share of the fault for his injuries.


### III. Loss of Consortium Claim

Because GMRI had a duty to keep the premises reasonably safe from an unreasonable risk of harm and because there exists a factual dispute regarding GMRI's and Baez's respective faults for the injury, a genuine issue of fact also exists regarding Ms. Baez's claim for loss of consortium.

5

The entry is

GMRI's motion for summary judgment is DENIED.

Date: 8/20/19

Justice, Superior Court

6