STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-20-297

KATHRYN SHEEHAN )
)
Plaintiff, )
)
v. )
)
P. DENNIS APLANALP )
)
and )

CHRISTINE APLANALP

Defendant

ORDER ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion is denied.

## I. Factual Background:

The following facts are undisputed. The Plaintiff, Kathryn Sheehan, was a guest at a bed and breakfast owned by the Defendants, P. Dennis and Christine Aplanalp, during the week of December 1, 2015. The Plaintiff was the only guest staying at Defendants' business that week. On the morning of December 2, the Plaintiff awoke to find a slight dusting of snow or ice on the ground. The Defendants did not attempt to salt or otherwise treat the parking lot where Plaintiffs car was parked. The Plaintiff slipped while attempting to place work materials in her vehicle and injured her arm. The Plaintiff brought this negligence suit in response.

The website for the Defendants' bed and breakfast advertised that it had free off-street parking. The Defendants admit for the purposes of this Motion that the Defendants specifically instructed the Plaintiff to park her vehicle in the parking lot where the fall took place. However, the parking lot at issue was actually owned by a nearby church, not the Defendants. The Plaintiff was unaware as to who actually owned the church parking lot.

Entered on the Docket: 08/03/2021

The church parking lot was located approximately 75 to 100 feet from the building where Plaintiff's guest room was located. There was a separate parking lot adjacent to the bed and breakfast that was located approximately 40 feet away from Plaintiffs' room. The Plaintiff inquired as to whether she might be able to park in the adjacent parking lot instead because the adjacent lot would make it easier for Plaintiff to carry her necessary work items to her vehicle. The Defendants told the Plaintiff that she could not park in the adjacent lot. The adjacent lot was vacant throughout Plaintiffs stay.

## II. Summary Judgment Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M. R. Civ. P. 56(h)(4). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (quotations omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179. The court reviews the evidence in the light most favorable to the non-moving party. *Id.*

## III. Discussion

The Complaint alleges two causes of action: premises liability, and general negligence. "The elements of premises liability, as with any claim for negligence, include: (1) duty, (2) breach

of that duty; (3) causation, and (4) harm to the plaintiff." *Durham v. HTH Corp.*, 2005 ME 53, ¶ 8, 870 A.2d 577. Here, the Defendants argue that they are entitled to summary judgment because: (1) the Defendants did not owe a duty of care to the Plaintiff while she was on the church parking lot; and (2) the Defendants cannot be held liable for Plaintiff's injury because the conditions of the parking lot that caused Plaintiff's fall were open and obvious. Each will be considered separately.

## A. Duty

Whether a defendant owed plaintiff a duty of care is a question of law. *See Stanton v. Univ. of Maine Sys.*, 2001 ME 96, ¶ 7, 773 A.2d 1045. "Under Maine law a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises." *Quadrino v. Bar Harbor Banking & Trust*, 588 A.2d 303, 304 (Me. 1991). "A possessor of land is one who, by occupancy, manifests an intent to control the land." *Denman v. Peoples Heritage Bank*, 1998 ME 12, ¶ 4, 704 A.2d 411 (citations and quotations omitted). Although the issue of duty is a matter of law, "[w]hether a person manifests an intention to control the land, however, is an issue of fact." *Id.*

Moreover, "in 'slip and fall' negligence cases, a business owner owes a positive duty of exercising reasonable care in providing reasonably safe premises . . . when it knows or should have known of a risk to customers on its premises." *Durham*, 2005 ME 53, ¶ 8, 870 A.2d 577; *citing Budzko v. One City Crt. Assocs. Ltd. P'ship*, 2001 ME 37, ¶ 11, 767 A.2d 310. This positive duty extends to "walkways which [the invitee] was invited to use, or which [the invitee] would be reasonably expected to use[.]" *Isaacson v. Husson College*, 297 A.2d 98, 103 (Me. 1972). The duty owed to invitees over a given walkway can extend "beyond the precise boundaries of the premises under [the invitor's] control or occupancy to include the approaches which [invitees] are expressly or impliedly invited to use or which [invitees] would be reasonably expected to use, even

though these approaches be not under the invitor's absolute control." *Libby v. Perry*, 311 A.2d 527, 535 (Me. 1973).

In *Libby* for example, the Law Court held that the Augusta State Armory owed a duty of care to its invitees while the invitees were located in the adjacent parking lot that was not owned by the Armory. *Libby*, 311 A.2d at 535. The parking lot adjacent to the Armory was the only means in which invitees could gain access to the Armory itself. *Id*. Accordingly, because the Armory had invited patrons to its premises, the Armory had "implicitly extended an invitation to use the approaches to the Armory." *Id*. The Law Court adopted the reasoning that this duty existed "even though [the] approaches [were] not under the [Armory's] absolute control" because invitees were either "expressly or impliedly invited" and were "reasonably expected to use" the particular walkway at issue. *Id*.

Here, the Defendants are not entitled to summary judgment that the Defendants did not owe the Plaintiff a duty of care because the undisputed record on summary judgment shows that the Defendants explicitly invited the Plaintiff to use the church parking lot where the fall occurred.[1] Unlike the circumstances observed in *Libby*, where the duty of care arose out of an *implied* invitation to use a parking lot, the Defendants here specifically instructed the Plaintiff to park in the church parking lot in order to access the Defendants' premises. If such is indeed proven at trial, then the Defendants owed the Plaintiff a duty of care to exercise reasonable care to maintain the church parking lot. The Defendants should have reasonably anticipated that the Plaintiff would use that lot to access the Defendants' premises. Therefore, summary judgment would be inappropriate under the circumstances.

---

[1] The court notes that the Defendants admitted that they instructed the Plaintiff to park in the church parking lot for the purposes of summary judgment only. The Defendants are free to contest this factual allegation at trial.

## B. Open and Notorious Hazard

The Defendants next argue that they cannot be held liable for the Plaintiff's fall because the danger that a slip and fall might occur was open and obvious based upon the slippery conditions. The Law Court has explicitly declined to "adopt . . . a doctrine which automatically relieves the owner or occupier of land from any duty of care to his business invitee by reason of the invitee's knowledge of the generally dangerous condition of the land." *Isaacson*, 897 A.2d at 104. Instead, the Law Court has adopted the position of the Restatement of Torts, that: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Restatement (Second) of Torts* § 343A(1) (1965); *see also Colvin v. A R Cable Services-Me*, 1997 ME 163, ¶ 8, 697 A.2d 1289. The Court has specifically held that the Restatement "does not express a 'no duty' rule" but instead "imposes on the possessor of land a duty to use reasonable care to prevent risks arising from known and obvious conditions on the land that the possessor should reasonably anticipate causing harm to others despite such knowledge or obviousness." *Colvin*, 1997 ME 163, ¶ 9, 697 A.2d 1289. Whether the Defendant breached that duty of care, and whether the alleged breach caused Plaintiffs injuries, are questions of fact. *See e.g. Lewis v. Knowlton*, 1997 ME 12, ¶ 10, 688 A.2d 912; *Isaacson*, 297 A.2d at 106.

Here, there is a genuine issue of material fact regarding whether the slippery conditions were so open and notorious that the Plaintiff should have been aware of the risk that a slip and fall might occur. Moreover, if the slippery conditions were indeed open and obvious, there is also insufficient evidence to determine, as a matter of law, whether the Defendants should have anticipated that the Plaintiff could suffer a fall despite the apparent obviousness of the slip and fall

risk. The Plaintiff's Additional Statement of Material Facts, which is largely admitted by the Defendants, states only that the Plaintiff felt the ground was a "little slippery" but that she did not see a sheen underneath the dusting of snow. (PASMF ¶ 49.) Although this fact suggests that the Plaintiff was aware of the slippery conditions, such is insufficient to dispel all reasonable inferences that may be made in favor of the Plaintiff that arise out of those conditions. Based on this record, the court cannot say that the slip and fall risk was open and notorious to such a precise degree that the Defendant is entitled to judgment as a matter of law. Summary judgment would therefore be inappropriate under the circumstances presented.

Despite Defendants' argument to the contrary, a record of undisputed material facts does not mean that there is no genuine issue of material fact for summary judgment purposes. *See Blue Sky West, LLC v. Me. Revenue Servs.*, 2019 ME 137, ¶ 16 n.10, 215 A.3d 812. Under the record presented, a fact finder would be presented with a set of generally undisputed facts upon which it may draw its own inferences in order to determine the reasonableness of Defendants' conduct. The court on summary judgment must resolve those inferences in favor of the Plaintiff as the non-moving party.

## IV. Conclusion

The Defendants owed a duty of care to the Plaintiff while she was on the church parking lot because the Defendants specifically instructed the Plaintiff to park in the church parking lot in order to access the Defendants business. Under these circumstances, it was reasonable for the Defendants to anticipate that the Plaintiff would indeed use the church parking lot to access Defendants' property. Moreover, the court cannot determine that Plaintiff's slip and fall risk was open and notorious to such a precise degree that the Defendants are entitled to judgment as a matter of law.

The entry is:

Defendant's Motion for Summary Judgment is DENIED.

The Clerk is hereby directed to incorporate this Order by reference in the docket pursuant to M. R. Civ. P. 79(a).

Dated: _A̲y̲ ̲2̲,̲ ̲2̲0̲2̲1̲_        _____

Thomas McKeon
Justice, Superior Court