STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NO. CV-22-180

KARYN DONAHUE,                           )
                                         )
          Plaintiff,                     )
                                         )        **ORDER ON PLAINTIFF'S**
          v.                             )        **MOTION TO AMEND**
                                         )        **COMPLAINT**
WDG DEVELOPMENT, LLC,                    )
                                         )
          Defendant.                     )
                                         )
                                         )

In the motion pending before the court, Plaintiff Karyn Donahue seeks leave

to amend her complaint to name Guerrette Property Management, Inc. ("Guerrette

Properties") as an additional defendant in this negligence action. Defendant WDG

Development, LLC ("WDG") objects. For the following reasons, the court grants the

plaintiff's motion.

## BACKGROUND

By complaint dated November 23, 2022, the plaintiff seeks damages for

injuries sustained after she slipped and fell on "snow covered ice on the stairs" of

property located at 20 Spruce Street in Augusta. Pl.'s Compl. ¶¶ 1-6. According to

the complaint, the property was "owned, occupied, and/or maintained" by Defendant

WDG. *Id.* ¶ 3. In four separate counts that sound in negligence, the plaintiff alleges

that WDG breached its duties to maintain the property (Count I), to provide a

reasonably safe premises (Count II), to warn the plaintiff of the dangerous condition

(Count III), and to appropriately inspect the premises (Count IV).

1

WDG filed a timely answer, after which the court issued a standard scheduling order. The scheduling order permitted the parties to seek leave to amend the pleadings no later than April 9, 2023, and imposed a discovery deadline of August 10, 2023. By subsequent order and at the request of the parties, the court extended the discovery deadline to January 17, 2024.

On April 27, 2023, the plaintiff filed the present motion seeking leave to amend the complaint to add negligence claims against Guerrette Properties. In her motion to amend, the plaintiff represents that she "took the deposition of Glen Guerrette on April 20, 2023, at which time [she] learned that Guerrette Property Management, Inc. was integrally involved in all aspects of care and maintenance of the site in question." Pl.'s Mot. 1.

The plaintiff has also provided a copy of the proposed amended complaint. The proposed pleading names Guerrette Properties and alleges that "[a]s a direct and proximate result of the negligence of Defendant Guerrette Property Management, . . . Plaintiff Karyn Donahue slipped on negligently treated or untreated ice, causing serious injuries to and otherwise greatly injuring the plaintiff in mind and body." Amended Compl. ¶ 23. It adds four negligence counts against Guerrette Properties that are essentially identical to those asserted against WDG.

Defendant WDG objects to the plaintiff's motion to amend on the basis of undue delay and the futility of the amendment. Def.'s Opp. 3-6.

2

## STANDARD OF REVIEW

"Once a responsive pleading is served, a party may amend the pleading 'by leave of court,' which 'shall be freely given when justice so requires.'" *Paul v. Town of Liberty*, 2016 ME 173, ¶ 9, 151 A.3d 924 (quoting M.R. Civ. P. 15(a)). "A motion to amend may be denied based on one or more of the following grounds: undue delay, bad faith, undue prejudice, or futility of amendment." *Montgomery v. Eaton Peabody, LLP*, 2016 ME 44, ¶ 13, 135 A.3d 106. "When a proposed amended complaint would be subject to a motion to dismiss, the court is well within its discretion in denying leave to amend." *Id.* (quotation marks omitted). A court should only dismiss a complaint "when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Argereow v. Weisberg*, 2018 ME 140, ¶ 12, 195 A.3d 1210 (quotation marks omitted).

## DISCUSSION

WDG raises two objections to the plaintiff's motion: (1) amending the complaint would be futile because the proposed pleading fails to establish, as a matter of law, that Guerrette Properties owed the plaintiff a duty of care; and (2) the plaintiff was on notice of Guerrette Properties' involvement as early as January 12, 2023, and thus, unreasonably delayed filing the present motion. These contentions are addressed in turn.

**Futility.** "Duty arises when a defendant is under an obligation for the benefit of a particular plaintiff." *Quadrino v. Bar Harbor Banking & Tr. Co.*, 588 A.2d 303, 304 (Me. 1991). While "the question of duty is a legal question decided by the court,"

"the facts in any given case will determine whether an entity has a duty to the putative plaintiff." *Brown v. Delta Tau Delta*, 2015 ME 75, ¶ 9, 118 A.3d 789; *see also, e.g., Denman v. Peoples Heritage Bank, Inc.*, 1998 ME 12, ¶ 4, 704 A.2d 411 (commenting on the threshold issues of fact that may be involved in ascertaining whether a person owes a duty of care).

In Maine, "a possessor of land owes a duty to use reasonable care to all persons lawfully on the premises." *Denman*, 1998 ME 12, ¶ 4, 704 A.2d 411 (quotation marks omitted). Under certain circumstances, non-possessors may also owe a duty of care to individuals on the premises. *Colvin v. AR Cable Services-ME, Inc.*, 1997 ME 163, ¶ 7, 697 A.2d 1289; *see also Davis v. RC & Sons Paving, Inc.*, 2011 ME 88, ¶ 19, 26 A.3d 787. In *Colvin*, the Law Court recognized that a non-possessor of land "who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." 1997 ME 163, ¶ 7, 697 A.2d 1289. However, in *Davis*, the Law Court clarified that liability does not extend to dangers created by the "natural accumulation of ice and snow," as the "precipitating cause" of the hazardous condition is the weather rather than the non-possessor's actions. 2011 ME 88, ¶¶ 21-22, 26 A.3d 787 (quotation marks omitted).

Here, in keeping with Maine's liberal policy toward motions to amend as well as the low threshold for surviving a motion to dismiss, the court declines the defendant's invitation to deny the plaintiff's motion on futility grounds. *See Jones v. Suhre*, 345 A.2d 515, 518 n.5 (Me. 1975) (noting Maine's "liberal policy toward motions to amend"); *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830 (explaining

4

that a complaint survives a motion to dismiss when, after examining "the complaint in the light most favorable to the plaintiff," the court determines that the complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory" (quotation marks omitted)).

Relying on *Davis*, the defendant argues that "no facts support an allegation[] that . . . Guerrette Properties created the condition of naturally accumulating snow and ice" that resulted in the plaintiff's injuries. Def.'s Opp. 4 (citing *Davis*, 2011 ME 88, 26 A.3d 787). Therefore, the defendant maintains, the amended complaint fails to establish that Guerrette Properties owed the plaintiff a duty of care. *See* Def.'s Opp. 4-5.

The proposed amended complaint, however, alleges that "[a]s a direct and proximate result of the negligence of Defendant Guerrette Property Management, . . . Plaintiff Karyn Donahue slipped on *negligently treated . . . ice*." Amended Compl. ¶ 23 (emphasis added). Affording a liberal construction to this allegation—as is required under Maine law—the court concludes that the amended pleading alleges facts sufficient to establish that Guerrette Properties created a dangerous condition. *See Nat'l Hearing Aid Centers, Inc. v. Smith*, 376 A.2d 456, 459 (Me. 1977) ("A complaint is sufficient to withstand a 12(b)(6) motion to dismiss if from a liberal construction of the pleadings and possible amendments thereto, the court can determine that a plaintiff can prove a set of facts to support his claim."). Accordingly, the court concludes that the proposed amended complaint would survive a motion to dismiss and that amendment would not be futile.

To be sure, *Davis* may ultimately prove controlling in this case. But the court declines to make such a determination at this early juncture. The question of duty—though ultimately a question of law—will be determined by the facts of the case, and various preliminary questions of fact may require exploration. *See Brown*, 2015 ME 75, ¶ 9, 118 A.3d 789; *Denman,* 1998 ME 12, ¶ 4, 704 A.2d 411. Given the circumstances presented here, the issue of whether *Davis* is dispositive is better addressed at a later stage of litigation.

**Undue Delay.** The defendant also faults the plaintiff for failing to bring a motion to amend sooner, arguing that the plaintiff was on notice of Guerrette Properties' involvement as early as January 2023. Def.'s Opp. 3-4. Specifically, the defendant points to information in its answers to the plaintiff's interrogatories filed on January 12, 2023.

The interrogatory answers, however, merely disclosed that WDG relied upon Guerrette Properties for "maintenance, including winter maintenance, of the subject property." *See* interrogatories attached to Def.'s Mot. at #4. It appears that it was not until Glen Guerrette's deposition on April 20, 2023, that the plaintiff first learned of the extensive role Guerrette Properties played in directing the property's affairs. *See, e.g.,* Pl.'s Mot. at Ex. 1. (Mr. Guerrette testifying that Guerrette Properties paid taxes on the property and handled evictions). The plaintiff promptly moved to amend the complaint after discovering information that, in the plaintiff's view, rendered this case distinguishable from *Davis*.

6

Additionally, although the plaintiff filed her motion to amend after the deadline imposed by the scheduling order, it was filed well in advance of the initial discovery deadline of August 10, 2023. The discovery deadline has since been extended to January 17, 2024. Accordingly, the parties will have sufficient time to perform any additional discovery necessitated by the amendment. In short, the court finds no reason to depart from Rule 15(a)'s liberal policy favoring amendment.

The entry is:

1. The plaintiff's Motion to Amend Complaint is granted. The copy of the proposed Amended Complaint attached to the plaintiff's motion shall be docketed;

2. Defendant WDG shall file any answer to the Amended Complaint within 10 days after service of the amended pleading; and

3. The plaintiff shall serve the Amended Complaint upon Guerrette Properties in accordance with the Maine Rules of Civil Procedure. The court will await the filing of Guerrette Properties' answer following service of the Amended Complaint upon it.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 9/7/23

Julia M. Lipez
Justice, Superior Court

7